1   MICHELLE R. BARRETT, Bar No. 197280
    PAUL S. COWIE, Bar No. 250131
2   LITTLER MENDELSON
    A Professional Corporation
3   650 California Street, 20th Floor
    San Francisco, CA 94108.2693
4   Telephone:   415.433.1940
    Facsimile:   415.399.8490
5   Email:       mbarrett@littler.com
    Email:       pcowie@littler.com
6
    Attorneys for Defendants
7   BROOKDALE PROVIDENT MANAGEMENT,
    LLC
8

    E-filing

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11  TAMMY MARSHALL                    Case No.

12          Plaintiff,               NOTICE TO FEDERAL COURT OF
                                     REMOVAL OF CIVIL ACTION FROM
13     v.                            STATE COURT (DIVERSITY)

14  BROOKDALE PROVIDENT              28 U.S.C. §§ 1332, 1441, 1446
    MANAGEMENT, LLC., and DOES 1-25,
15  inclusive,                       San Mateo County Superior Court
                                     Case No. CIV 471555
16          Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE TO FEDERAL COURT OF
REMOVAL                                          CASE NO.

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF TAMMY MARSHALL AND HER**
2  **ATTORNEY OF RECORD:**

3          PLEASE TAKE NOTICE THAT Defendant BROOKDALE PROVIDENT

4  MANAGEMENT, LLC ("Brookdale" or "Defendant") hereby removes the above-titled action from

5  the Superior Court of the State of California for the County of San Mateo to the United States

6  District Court, pursuant to 28 U.S.C. §§ 1441 and 1446.

7  **I.    JURISDICTION AND VENUE**

8          1.      This action is a civil action over which this Court has original jurisdiction

9  based upon the complete diversity of citizenship of the parties pursuant to section 1332(a) and is one

10 which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441 because it is a civil

11 action between citizens of different states and the amount in controversy exceeds $75,000, exclusive

12 of interest and costs, as set forth below.

13         2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a)

14 and 1446, in that this Court is the court for the district and division embracing the place where the

15 action is pending in state court.

16 **II.   STATUS OF THE PLEADINGS**

17         3.      On March 27, 2008, Plaintiff Tammy Marshall ("Plaintiff") commenced this

18 action by filing a Summons, Civil Cover Sheet, Affidavit of Personal Delivery of Deputy Court

19 Clerk and a Complaint in the Superior Court of the State of California, County of San Mateo,

20 entitled *Tammy Marshall, Plaintiff v. Brookdale Provident Management, LLC., and Does 1 through*

21 *25, inclusive, Defendants*, designated Superior Court Case No. CIV471555 ("Complaint"). True and

22 correct copies of the Civil Action Sheet, Summons, Affidavit of Personal Delivery of Deputy Court

23 Clerk and Complaint are attached hereto as Exhibit A. The Complaint alleged the following causes

24 of action: (1) Retaliation – Government Code § 12940; (2) Sexual Harassment – Government Code

25 § 12940(j); (3) Failure to Prevent Discrimination and Harassment – Government Code § 12940(k);

26 and (4) Tortious Constructive Discharge In Violation Of Public Policy.

27         4.      On March 27, 2008, the Court issued a Notice of Case Management

28 Conference and Order, a copy of which is attached as Exhibit B.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE TO FEDERAL COURT OF
REMOVAL                                    1.                                    CASE NO.

1          5.      On April 25, 2008, Defendant Brookdale filed an answer to Plaintiff's

2    Complaint with the Superior Court, a copy of which is attached as Exhibit C.

3          6.      A true and correct copy of the San Mateo Superior Court's Register of

4    Actions for the case is attached hereto as Exhibit D.

5          7.      Defendant Brookdale is informed and believes that personal service on

6    Defendant Brookdale was completed on March 31, 2008.

7          8.      Defendant Brookdale is informed and believes, and on that basis asserts, that

8    as of the date of this Notice of Removal, no other individual or entity has been served with the

9    Complaint.

10          9.      This Notice to Federal Court of Removal of Civil Action from State Court is

11   timely filed pursuant to 28 U.S.C. § 1446(b) because Defendant has filed this Notice within 30 days

12   after Defendant Brookdale was served with the Complaint and within one year after commencement

13   of this action.

14          10.     Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal to

15   Federal Court shall be filed contemporaneously with the Clerk of the Court for the Superior Court of

16   the County of San Mateo California and a copy shall be served on Plaintiff's counsel of record.  A

17   copy of said Notice and Proof of Service is attached hereto as Exhibit E.

18          11.     No further proceedings have been conducted in this case in the Superior Court

19   of San Mateo.

20   III.   DEFENDANTS

21          12.     The only named defendant to this action is Brookdale.

22   IV.   DOE DEFENDANTS

23          13.     Defendant is informed and believes that none of the Doe Defendants in this

24   case have been identified or served.  Doe Defendants designated 1 to 25 are fictitious, are not parties

25   to this action, have not been served, and are to be disregarded for the purpose of this removal.

26   28 U.S.C. § 1441(a).  For this reason, the Doe Defendants need not be joined in this removal.

27   *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988) (general rule that all

28   defendants in a state action must join in removal applies only to defendants served in the action);

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE TO FEDERAL COURT OF
REMOVAL                                    2.                                    CASE NO.

1   *Republic Western Ins. v. International Ins.,* 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("The law of this

2   circuit [] is that defendants upon whom service has not been effected at the time the notice is filed,

3   need not join in the notice of removal").

4   **V.    DIVERSITY OF CITIZENSHIP**

5          14.    This action is a civil action over which this Court has original jurisdiction

6   under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to

7   28 U.S.C. § 1441(a) based on the existence of diversity of citizenship between the real parties to this

8   action and on the fact that the amount in controversy exceeds $75,000.

9          15.    The parties to this action have complete diversity of citizenship in that

10  Defendant was at the time the action was filed and remains now a citizen of Delaware and

11  Wisconsin, being a corporation formed under the laws of Delaware and having its principal place of

12  business in Wisconsin.[1] 28 U.S.C. § 1332(c)(1). Defendant is informed and believes and on that

13  basis alleges that Plaintiff was at the time of filing this action, and is now at the time of this removal,

14  a citizen of California.[2]

15         16.    Diversity of citizenship exists so long as no plaintiff is a citizen of the same

16  state as any defendant at the time the action was filed and at the time of removal. *See Strawbridge v.*

17  *Curtiss,* 7 U.S. (3 Branch) 267 (1806); *see also United Food Local 919 v. Centermarie Properties,*

18  30 F.2d 298, 301 (2nd Cir. 1994). For purposes of removal, the citizenship of Doe Defendants are

19  disregarded and only named defendants are considered. 28 U.S.C. § 1441(a); *see Newcombe v.*

20  *Adolf Coors Co.,* 157 F.3d 690 (9th Cir. 1998).

21         17.    Complete diversity of citizenship exists by and between the parties because

22  Plaintiff and Defendant, are citizens of different states. Complete diversity between Plaintiff and

23  Defendant existed both at the time the action was filed and exists now at the time of this removal.

24  Consequently, this matter may properly be removed to this Court.

25

26

27  [1] Defendant has its corporate headquarters in Milwaukee, Wisconsin and that is where its corporate officers are located.
    [2] Plaintiff has pleaded that she resides in the County of San Mateo, California (Complaint ¶1). However, Defendant has

28  received information to suggest that Plaintiff is actually a citizen of New York and was at the time this action was
    commenced. Regardless, diversity between the parties exists.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**NOTICE TO FEDERAL COURT OF
REMOVAL**                                    3.                                    **CASE NO.**

## VI.    AMOUNT IN CONTROVERSY

18.    It is clear on the face of the Complaint that the amount in controversy exceeds this Court's jurisdictional minimum of $75,000.[3]  To establish this, Defendant need only show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum.  *See Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996) (amended 102 F.3d 398, 404).

19.    Plaintiff has pleaded four separate causes of action and has alleged damages including: "loss of salary, benefits, and additional amounts of money" (Complaint ¶ 27, p. 9:19-20; ¶ 34, p. 11:2-3; ¶ 40, p. 12:5-6; and ¶ 47, p. 13:8-9).    Plaintiff's last salary was approximately $102,000 per annum and it is now eight months since her employment ended.  It will undoubtedly be over one year from when Plaintiff's employment ended until the trial in this matter.  Therefore, based on past loss of earnings alone the amount in controversy exceeds $75,000.  In addition, Plaintiff claims lost past and future benefits, future loss of wages.  These alleged damages easily meet the jurisdictional minimum.

20.    Plaintiff has also alleged that she has suffered "humiliation, anguish, and emotional and physical distress," (*See* Complaint ¶ 28, p. 9:24-25; ¶ 35, p. 11:8-9; ¶ 41, p. 12:10-11; and ¶ 48, p. 13:13-14).    In addition, Plaintiff asserted that she "developed extreme anxiety" (Complaint ¶ 13, p. 5:26), was "hospitalized" (Complaint ¶ 21, p. 8:8) and "placed on antidepressants" (Complaint ¶ 21, p. 8:9).  Awards for emotional distress, particularly where the symptoms are alleged to be "extreme", medication was prescribed and that hospitalization resulted, may well exceed $75,000.  Therefore, again, on this basis alone, the amount of damages claimed by Plaintiff is more probable than not to exceed the jurisdictional minimum.

21.    Further, Plaintiff has asserted claims to punitive damages with respect to all of her claims for damages (Complaint ¶¶ 29, 36, 42 and 49).  Although Defendant denies that it could or should be liable for punitive damages, for purposes of assessing whether the amount in

---

[3] See *White v. FCI USA, Inc.*, 319 F.3d 672 at 675 (2003)—lengthy list of compensatory and punitive damages including loss of pay, fringe benefits, impaired earning capacity, harm to credit, emotional distress, combined with a claim for attorney fees sufficient to meet burden that it was more likely than not that amount in controversy would exceed jurisdictional minimum.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415 433 1940

NOTICE TO FEDERAL COURT OF REMOVAL                4.                CASE NO.

1  controversy element has been satisfied in order to invoke diversity jurisdiction, the Ninth Circuit

2  Court of Appeals has specifically held that such damages claimed by Plaintiff are properly included

3  in computing the jurisdictional amount. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir.

4  2001). Punitive damages on any one of Plaintiff's claims could meet the jurisdictional requirement.

5  *See White v. FCI USA, Inc.*, 319 F.3d 672 at 675 (punitive damages alone was more likely than not

6  to exceed the jurisdictional amount).

7          22.    Further, Plaintiff also seeks an award of her attorney's fees with respect to her

8  claims, which should also be considered when calculating the amount in controversy. *Goldberg v.*

9  *C.P.C. Int'l, Inc.*, 678 F. 2d 1365, 1367 (9th Cir. 1982) (attorneys' fees included in considering

10  jurisdictional amount). Representation of Plaintiff through trial would almost certainly exceed the

11  $75,000 threshold.

12          23.    Thus, the preponderance of the evidence demonstrates an amount in

13  controversy clearly in excess of $75,000.

14  **VII.   CONCLUSION**

15          24.    Defendant, having shown that diversity exists and that the amount in

16  controversy exceeds the jurisdiction minimal, is entitled to remove this matter to this Court.

17          25.    Pursuant to 28 U.S.C. § 1441(a), Defendant removes this case from the

18  Superior Court of the State of California in and for the County of San Mateo to this Court.

19  Dated: April 28, 2008

20

21                                         MICHELLE R. BARRETT

22                                         PAUL S. COWIE

23                                         LITTLER MENDELSON

                                       A Professional Corporation

                                       Attorneys for Defendants

24                                         BROOKDALE PROVIDENT

                                       MANAGEMENT, LLC

25  Firmwide:84993030.1 051918.1024

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

**NOTICE TO FEDERAL COURT OF REMOVAL**      5.      **CASE NO.**

**EXHIBIT A**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
ROBERT M. LUBIN    055863
LAW OFFICES OF ROBERT M. LUBIN
177 Bovet Road, Suite 600

San Mateo, CA 94402-3191
TELEPHONE NO.: 650-638-2331    FAX NO.: 650-638-1005
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA  94063
BRANCH NAME: Southern

**RECEIVED**

MAR 27 2008

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

CASE NAME: TAMMY MARSHALL vs BROOKDALE PROVIDENT
MANAGEMENT, LLC and DOES 1 through 25, inclusive

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **CIV471555** JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): Four (4)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: MARCH 28, 2007
ROBERT M. LUBIN    055863
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**    Legal Solutions

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BROOKDALE PROVIDENT MANAGEMENT, LLC. and DOES 1
THROUGH 25, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TAMMY MARSHALL



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SAN MATEO COUNTY

MAR 27 2008

Clerk of the Superior Court
By _____
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN MATEO
400 County Center
Redwood City, CA 94063

CASE NUMBER:
*(Número del Caso):*
CIV 471555

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ROBERT M. LUBIN    055863    650-638-2331    650-638-1005
LAW OFFICES OF ROBERT M. LUBIN
177 Bovet Road, Suite 600
San Mateo, CA 94402-3191

DATE:    MAR 27 2008    JOHN C. FITTON    Clerk, by _____, Deputy
*(Fecha)*                    *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**


Legal
Solutions

Code of Civil Procedure §§ 412.20, 465

1
*LAW OFFICES OF ROBERT LUBIN*
2   ROBERT M. LUBIN, ESQ. (055863)
    JOSEPH CAMENZIND, IV (244154)
3   177 Bovet Road, Suite 600
    San Mateo CA 94402
4   Telephone:  650.638-2331
    Facsimile:   650.638-1005
5

6   Attorney for Plaintiff TAMMY MARSHALL

7

**FILED**
SAN MATEO COUNTY

MAR 2 7 2008

Clerk of the Superior Court
By _____
DEPUTY CLERK

*RML*

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SAN MATEO

10

11   TAMMY MARSHALL                    )   CASE NO. CIV **CIV471555**
                                       )
12                                     )
                                       )
13              Plaintiff,             )   COMPLAINT FOR:
                                       )   (1)  RETALIATION; GOVT. CODE §12940
14        vs.                          )   (2)  SEXUAL HARASSMENT; GOVT.
                                       )   CODE §12940(J)
15                                     )   (3)  FAILURE TO PREVENT
     BROOKDALE PROVIDENT               )   DISCRIMINATION AND HARASSMENT;
16   MANAGEMENT, LLC. and DOES 1       )   GOVT. CODE §12940(K)
     through 25, inclusive             )   (4)  TORTIOUS CONSTRUCTIVE
17                                     )   DISCHARGE IN VIOLATION OF PUBLIC
              Defendants.              )   POLICY
18                                     )
                                       )
19                                     )
                                       )
20   _____      )

21

22        Plaintiff TAMMY MARSHALL alleges as follows:

23
          1.    Plaintiff TAMMY MARSHALL is an individual who resides in San Mateo
24
     County, California.  At all times herein Plaintiff was an employee covered by the California
25
26   Government Code §12940 prohibiting discrimination or retaliation in employment on the basis of

27

28   MARSHALL v. BROOKDALE
     COMPLAINT

1  sex.

2      2.      Defendant BROOKDALE PROVIDENT MANAGEMENT, LLC.

3  ("BROOKDALE") is a Delaware Company, authorized to conduct business in the State of
4
5  California, principle place of business 485 Woodside Road, Redwood City, CA 94061, in the

6  County of San Mateo.  Defendant is in the elderly care and housing industry. At all times herein

7  alleged, Defendant was an employer within the meaning of California Government Code

8  §12926(d).

9      3.      Plaintiff does not know the true names and capacities of those Defendants sued
10
    herein as DOES 1-25, inclusive; and therefore sues these Defendants by such fictitious names.
11
12  Plaintiff will amend her Complaint to allege their true names and capacities when ascertained.

13  Plaintiff is informed and believes on that basis, alleges that each Defendant sued under such

14  fictitious names is in some manner responsible for the wrongs and damages as alleged below,

15  and in so acting was functioning as the agent, servant, partner and/or employee of the co-
16
    Defendants, and in doing the actions mentioned below, were acting within the course and scope
17
18  of his or her authority as such agent, servant, partner, and/or employee with the permission and

19  consent of the co-Defendant.

20      4.      Plaintiff MARSHALL is originally from New York State, and is a LPN.  In 2006,

21  Defendant BROOKDALE recruited Plaintiff MARSHALL to manage its  Redwood City facility
22
    at 485 Woodside Road, hereinafter referred to as ("Woodside Facility").  The Defendant's
23
24  Woodside Facility had been under severe scrutiny by the State of California for its many

25  deficiencies.   The property was working on a restricted license and was at risk for closure.

26  Plaintiff was hired in essence to "clean up" the Woodside Facility.

27

28  <u>MARSHALL v. BROOKDALE</u>
    COMPLAINT
                                        -2-

5.      Plaintiff MARSHALL excelled at her position, as under her management the Woodside Facility obtained deficiency-free status and its reputation greatly improved. Plaintiff performed so well that she was awarded a $10,000 bonus.

6.      In November 2006 John Garner, Plaintiff's supervisor, began a pattern of inappropriate conduct, and unwanted sexual harassment toward Ms. MARSHALL. Mr. Garner's harassment started off with him initially telling Plaintiff how much he enjoyed working with her, he would state this at least 3 times a day every day, and gradually increased to intolerable levels. For example:

a)      During a lunch meeting Mr. Garner revealed to Plaintiff that his father molested his sisters. Such a revelation was inappropriate considering the two did not have any relationship outside work, and had only known each other a few months.

b)      Mr. Garner told Plaintiff about a man who was terminated for tricking a female coworker into touching his genitals by placing an item in his pocket and encouraging her to retrieve it at a company Christmas party. Mr. Garner indicated he believed it was ridiculous, and that sexual harassment in the workplace has been taken way out of context.

c)      Mr. Garner, who is married, told Plaintiff about an affair he had with a co-worker at a previous job. He said it was a "great" experience and he would do it all over again. He then proceeded to smile and glare at Plaintiff.

d)      When Plaintiff left work early because she was sick on one occassion, Mr. Garner called her at home at 10:00 p.m. to ask how she was feeling. Plaintiff believes it was inappropriate to call her at such late an hour.

e)      Mr. Garner followed Plaintiff into the stairwell, came up close behind her and started massaging her shoulders with both hands. Mr. Garner stated, "You need a good massage." Plaintiff responded by quickly walking away.

Because of these incidents, and Mr. Garner's inappropriate conduct, Plaintiff developed significant anxiety, and feared confronting Mr. Garner. She actually spent many days crying. For the first time in her life Plaintiff began to suffer from high blood pressure, for which she was

placed on medication.  Plaintiff also began seeing a psychotherapist to help her with her job

related stress and anxiety.  Mr. Garner's conduct got worse, and began to significantly interfere

with Plaintiff's ability to perform her job.

7.    On January 29, 2007, Plaintiff was assisting a 911 unit care for an elderly patient.

The unit included a policeman, paramedic and fireman.  Plaintiff was the only woman present,

aside from the patient.  Mr. Garner arrived and approached Plaintiff and started discussing an

email.  He said the email was from a Hospice company who hired a prostitute to have sex with a

dying patient.  Plaintiff walked away and told Mr. Garner that she did not want to discuss the

email.  Plaintiff walked towards the paramedics to answer their questions and Mr. Garner

followed her.  Plaintiff alleges that Mr. Garner knew she was uncomfortable, but continued

discussing the email anyway.   The entire scenario was extremely embarrassing for Plaintiff, and

inappropriate.

8.    Immediately after the incident Plaintiff went o the HR office and told Isaac Lopez.

Mr. Lopez dismissed Plaintiff's concerns, and Plaintiff returned to her office humiliated and

began to cry.   About 30 minutes later, Mr. Garner came into Plaintiff's office  with a copy of the

email.  Plaintiff told him she did not want to discuss the email.   Mr. Garner asked if he offended

Plaintiff, and Plaintiff responded in the affirmative.  Mr. Garner also discussed this email with

Aleta Walker, who was also offended.

9.    During the first week of February 2007, Ms. MARSHALL and Ms. Walker

discussed the email  with Mr. Garner's direct supervisor Kari Schmidt (Regional Director of

Operations).  In addition to the email Ms. MARSHALL discussed Mr. Garner's other

inappropriate conduct.  Ms. Schmidt promised that she would take care of the situation, but

MARSHALL v. BROOKDALE
COMPLAINT
- 4 -

1  Plaintiff is informed and believes that she failed to do so.

2      10.    Ms. MARSHALL never heard from Ms. Schmidt and Mr. Garner's conduct

3  continued. Approximately one month later Ms. MARSHALL filed a formal complaint with

4

5  BROOKDALE's confidential Human Resource hotline. One to two days later Ms.

6  MARSHALL received a phone call from Ms. Schmidt, who was angry. Ms. Schmidt asked Ms.

7  MARSHALL why she filed a formal report when she stated she would handle it. Ms. Schmidt

8  was very defensive and made Ms. MARSHALL feel uncomfortable.

9      11.    Approximately two weeks later, Ms. MARSHALL receive a call from Janet

10 Clavejo (Corporate Director of Human Resources for our region). Ms. MARSHALL explained

11

12 she did not feel comfortable being near Mr. Garner, and that she changed her routines to avoid

13 Mr. Garner. Ms. Clavejo simply replied that she hoped Ms. MARSHALL would get past it and

14 move forward. Ms. MARSHALL took this as Ms. Clavejo simply stating "get over it". Ms.

15 MARSHALL continued to feel her job was in jeopardy and she was being labeled a

16

17 troublemaker.

18     12.    In late March, Ms. MARSHALL was on the phone in her office when Mr.

19 Garner entered and closed the door. The two were scheduled to have a conference call with a

20 third party. Mr. Garner brought his lunch, and ate it on her desk while she was on the phone.

21 When he was finished eating, he placed his feet on her desk and his hands behind his head.

22

23 After the call, Mr. Garner left his dishes, and the mess he made on Ms. MARSHALL's desk.

24 Plaintiff reported the incident to Gail Cimini. Mr. MARSHALL alleges that Mr. Garner did

25 these acts to make her feel inferior, and in response to her complaints.

26     13.    At this point, Ms. MARSHALL developed extreme anxiety and was in constant

27

28

fear of losing her job, which was justifiable. She filed her initial complaint with Ms. Schmidt in early February 2007 for which no action was taken. After she contacted BROOKDALE's Human Resource Department, Ms. Schmidt demonstrated anger at her. Moreover, her complaints appeared to do nothing but cause Mr. Garner to take an antagonistic approach toward her.

14.    On April 17, 2007, Mr. Garner struck up a conversation with Ms. MARSHALL about his vacations to Florida. Mr. Garner went on to describe an incident in Florida where he fell asleep on the beach, and awoke to be surrounded by naked and bare-breasted women. He was laughing and stated, "he thought he died and went to heaven" Ms. MARSHALL notified Ms. Schmidt, Ms. Cimini and Ms. Clavejo, about the incident and Mr. Garner was removed from the property, and a memo was released indicating he resigned.

15.    Ms. MARSHALL was then given the title of acting Executive Director, with her RCFE license listed on the building, but was given none of the duties. BROOKDALE retained a temporary employee named Mike Meehan, from Texas, to perform the duties of Executive Director. Mr. Meehan did not have an RCFE license which was required. Ms. MARSHALL alleges that the fact she was not given the duties of Executive Director, was retaliation for her complaints regarding Mr. Garner, and the fact she was labeled acting Executive Director was because BROOKDALE needed her license.

16.    Ms. MARSHALL went on vacation from July 4, 2007 - July 16, 2007. During this period BROOKDALE hired a new Executive Director, Linda Clark Walker. From then on Ms. Clark began a pattern of constant abuse, and open hostility toward Plaintiff. Plaintiff alleges that this was done in retaliation for her complaints regarding Mr. Garner, and that Ms. Clark

1    purposely wanted to push Ms. MARSHALL out of her position.

2         17.    On July 11, 2007 Linda Clark Walker told Aleta Walker, in front of other

3    employees, *"I haven't even met Tammy and I know we are not going to get along."* On the

4    evening of July 11, 2007, Linda Clark Walker told Aleta Walkerr, *"I do not like the way Tammy*

5    *runs her department."* Linda Clerk Walker had been on the property two days, and had not even

6
7    met Ms. MARSHALL.

8         18.    On July 12, 2007 Ms. Walker held a cabinet meeting, and publically stated to the

9    entire cabinet, *"I have not even met Tammy and I know we are going to butt heads"*. During

10   Ms. MARSHALL's vacation Ms. Walker continued to make numerous comments regarding her

11   dislike for Ms. MARSHALL, and even interviewed at least two possible replacements for Ms.

12
13   MARSHALL.

14        19.    During Ms. MARSHALL's vacation, Ms. Walker stated to one BROOKDALE

15   employee that, *"Tammy is NOT in good standing with Kari (Ms. Schmidt)"*.

16
17        20.    When Ms. MARSHALL returned to BROOKDALE after her vacation, Ms.

18   Walker continued her campaign to annoy, and harass Ms. MARSHALL.  (1) Ms. Walker refused

19   to authorize a computer for Ms. MARSHALL, even though her computer was inoperative. Ms.

20   MARSHALL could not effectively perform her job without a computer. (2) Ms. Walker began

21   assessing new admissions, which was Ms. MARSHALL's job. (3) Ms. Walker told Ms.

22   MARSHALL she could no longer use the Pathways Hospice agency, which Ms. MARSHALL

23   had been using and for which she had developed a good working relationship with. (4) Ms.

24   Walker refused to allow Ms. MARSHALL to hire additional needed staff. (5) Ms. Walker

25
26   terminated Issac Lopez, one of the witnesses who heard Ms. Walker publically stated she did not

27

28   MARSHALL v. BROOKDALE
     COMPLAINT
                                          - 7 -

1    like Ms. MARSHALL. (6) Ms. Walker's behavior forced Aleta Walker to quit (Aleta Walker

2    and Ms. MARSHALL made the initial complaint regarding Mr. Garner to Ms. Schmidt). (6) At

3
     an August 6, 2007 meeting with Plaintiff Ms. Walker in a hostile manner stated,  *"I know*
4
     *everyone thinks you are good at what you do, but I am NOT impressed. "*, and  *"I am watching*
5
6    *you closely and I am not happy. "*

7        21.    Because of Ms. Walker's abuse and harassment, Ms. MARSHALL was soon

8    hospitalized, and placed on medical leave. For the first time in her life, Ms. MARSHALL was

9
     placed on antidepressants. On August 23, 2007, while on medical leave, Ms. MARSHALL
10
11   learned that the locks to her office had been changed, her voice-mail was changed, her name was

12   removed from the outgoing messages, and her belongings were packed.   She could no longer

13   access her email.

14       22.    Based on Ms. Walker's actions and attitude toward Ms. MARSHALL, Ms.

15   Schmidit's past hostility and the fact she was locked out of her office, voice-mail and email, Ms.

16
     MARSHALL  reasonably concluded that her working conditions at BROOKDALE  were
17
18   intolerable and would remain intolerable, and that she had been constructively discharged from

19   her employment with BROOKDALE.

20       23.    Within one year of the termination Plaintiff filed a complaint with the Department

21   of Fair Housing & Employment ("DFEH"). The DFEH  issued to Plaintiff a notice of right to

22
     bring a civil action based on the charge of discrimination.  A copy of this notice of right of action
23
24   is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set

25   forth.

26

27

28   <u>MARSHALL v. BROOKDALE</u>
     COMPLAINT
                                        - 8 -

**FIRST CAUSE OF ACTION**
**(Retaliation - Govt. Code §12940)**

24.    The allegations set forth in paragraphs 1 through 23 are alleged and incorporated herein by reference.

25.    Defendant BROOKDALE has retaliated against Plaintiff in violation of Government Code sections 12940(h), by engaging in a course or retaliatory conduct, including, among other things, the conduct set forth in paragraphs 15 through 23 above, when she complained about sexual harassment and hostility. This retaliation was carried out by Ms. Walker, acting within the course and scope of her employment. This conduct continued until Plaintiff was constructively discharged.

26.    At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her position. Plaintiff did, in fact, perform those duties in an excellent fashion, as under her supervision BROOKDALE's Woodside facility obtained deficiency-free status and its reputation greatly improved.

27.    As a proximate result of Defendant's discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of salary, benefits, and additional amounts of money she would have received if Defendant had not terminated her employment. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

28.    As a further proximate result of Defendant's discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that she has suffered humiliation, anguish, and emotional and physical distress. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

MARSHALL v. BROOKDALE
COMPLAINT

- 9 -

29.    The above-recited actions of Defendant were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendants as herein set forth.

### SECOND CAUSE OF ACTION
### Sexual Harassment - Govt. Code §12940(j)

30.    The allegations set forth in paragraphs 1 through 23 are alleged and incorporated herein by reference.

31.    At all times mentioned, Government Code sections 12940 *et seq*. were in full force and effect and were binding on defendants. These sections require Defendants to refrain from discriminating against and harassing any employee on the basis of sex, among other things.

32.    As alleged in paragraphs 6 through 14 above, Mr. Garner created and allowed to exist a sexually hostile environment, and discriminated against and harassed Plaintiff on the basis of her sex. At all time mentioned Mr. Garner was an agent and supervisor for BROOKDALE under Cal. Govt. Code 12926( r). As such Defendant is liable for Mr. Garner's actions. Moreover, Defendant allowed the sexually hostile environment, discrimination and harassment by Mr. Garner to continue after Plaintiff complained. Defendant failed to conduct an investigation or to take all reasonable steps necessary to end the sexual harassment and sexual discrimination in a timely manner.

33.    At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her position. Plaintiff did, in fact, perform those duties in an excellent fashion, as under her supervision BROOKDALE's Woodside facility obtained deficiency-free status and its reputation greatly improved.

MARSHALL v. BROOKDALE
COMPLAINT
                                        - 10 -

34.     As a proximate result of Defendant's discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of salary, benefits, and additional amounts of money she would have received if Defendant had not terminated her employment. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

35.     As a further proximate result of Defendant's discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that she has suffered humiliation, anguish, and emotional and physical distress. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

36.     The above-recited actions of Defendant were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendants as herein set forth.

### THIRD CAUSE OF ACTION
**(Failure to Prevent Discrimination and Harassment - Govt. Code §12940(k))**

37.     The allegations set forth in paragraphs 1 through 23 above are alleged and incorporated herein by reference.

38.     Defendant failed to take all reasonable steps to prevent discrimination and harassment against Plaintiff from occurring, and to take immediate and appropriate corrective action to remedy the harassment, in violation of Cal. Gov. Code §12940(k) as alleged in paragraphs 1 through 23 of this Complaint.

39.     At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her position. Plaintiff did, in fact, perform those duties in an excellent fashion,

MARSHALL v. BROOKDALE
COMPLAINT

- 11 -

as under her supervision BROOKDALE's Woodside facility obtained deficiency-free status and its reputation greatly improved.

40.     As a proximate result of Defendant's discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of salary, benefits, and additional amounts of money she would have received if Defendant had not terminated her employment. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

41.     As a further proximate result of Defendant's discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that she has suffered humiliation, anguish, and emotional and physical distress. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

42.     The above-recited actions of Defendant were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendant as herein set forth.

## FOURTH CAUSE OF ACTION
### (Tortious Constructive Discharge in Violation of Public Policy)

43.     The allegations set forth in paragraphs 1 through 23 above are re-alleged and incorporated herein by reference.

44.     At all times mentioned in this Complaint, California Constitution Article I, Section 8 was in full force and effect and was binding on Defendants. This section requires Defendants to refrain from discriminating against any employee on the basis of sex, and refrain from discriminating against an employee for reporting sexual harassment.

45.     As alleged above, Defendant violated this Section by harassing and discriminating

MARSHALL v. BROOKDALE
COMPLAINT
- 12 -

1  against Plaintiff.

2

3      46.     At all times mentioned herein, Plaintiff was willing and able to perform the

4  duties and functions of her position. Plaintiff did, in fact, perform those duties in an excellent

5  fashion, as under her supervision BROOKDALE's Woodside facility obtained deficiency-free

6  status and its reputation greatly improved.

7      47.     As a proximate result of Defendant's discriminatory actions against Plaintiff as

8  alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of salary, benefits,

9  and additional amounts of money she would have received if Defendant had not terminated her

10  employment. As a result of such discrimination and consequent harm, Plaintiff has suffered such

11  damages in an amount according to proof.

12      48.     As a further proximate result of Defendant's discriminatory actions against

13  Plaintiff as alleged above, Plaintiff has been harmed in that she has suffered humiliation,

14  anguish, and emotional and physical distress. As a result of such discrimination and consequent

15  harm, Plaintiff has suffered such damages in an amount according to proof.

16

17      49.     The above-recited actions of Defendant were done with malice, fraud or

18  oppression, and in reckless disregard of Plaintiff's rights entitling Plaintiff to an award of

19  punitive damages.

20      WHEREFORE, Plaintiff prays for judgment against Defendant as herein set forth.

21  //

22  //

23  //

24  //

25  //

26

27

28  MARSHALL v. BROOKDALE
    COMPLAINT
                                        - 13 -

WHEREFORE, Plaintiff TAMMY MARSHALL prays for judgment against Defendants as follows:

(1)    For monetary damages in an amount proved at trial.

(2)    For damages for mental pain and suffering in an amount to be proved at trial.

(3)    For an award of interest, including prejudgment interest, at the legal rate.

(4)    For attorney fees and costs of suit herein.

(5)    For punitive damages.

(6)    For an award to Plaintiff MARSHALL of such other and further relief as this Court deems just and proper.

Dated: March 26, 2008.                    LAW OFFICES OF ROBERT M. LUBIN


Robert M. Lubin, Attorney for Plaintiff
TAMMY MARSHALL

MARSHALL v. BROOKDALE
COMPLAINT

- 14 -



EXHIBIT





EXHIBIT 

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICL    JENCY                                         ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2570 North 1st Street, Suite 480, San Jose, CA 95131
(408) 325-0344  TTY (800) 700-2320  Fax (408) 325-0339
www.dfeh.ca.gov



November 26, 2007


Robert M. Lubin
Attorney At Law
LAW OFFICES OF ROBERT M. LUBIN
177 Bovet Rd., Ste. 600
San Mateo, CA 94402-3191


RE:    E200708G0572-00-sc
       MARSHALL/BROOKDALE PROVIDENT MANAGEMENT, LLC

Dear Robert M. Lubin:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
November 26, 2007 because an immediate right-to-sue notice was requested.
DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint. The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Marlene Massetti*

Marlene Massetti
District Administrator

cc:    Case File

HUMAN RESOURCES DIRECTOR
BROOKDALE PROVIDENT MANAGEMENT, LLC
485 WOODSIDE ROAD
REDWOOD CITY, CA  94061

DFEH-200-43 (06/06)

# * * * EMPLOYMENT * *

**COMPLAINT OF DISCRIMINATION UNDER**    **DFEH #**    E-200708-G-0572-00-SC
**THE PROVISIONS OF THE CALIFORNIA**
**FAIR EMPLOYMENT AND HOUSING ACT**

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
Ms. Tammy Marshall

TELEPHONE NUMBER (INCLUDE AREA CODE)
650-226-3332

ADDRESS
601-627 Baltic Circle

CITY/STATE/ZIP
Redwood Shores, CA 94065

COUNTY
San Mateo

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
Brookdale Provident Management, LLC

TELEPHONE NUMBER (include Area Code)
650-366-3900

ADDRESS
485 Woodside Rd

DFEH USE ONLY

CITY/STATE/ZIP
Redwood City, CA 94061

COUNTY
San Mateo

COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
more than 100

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) Sept 7, 2007

RESPONDENT CODE

THE PARTICULARS ARE:

On Jan 07 - Sept. 7-07 I was

- ___ fired
- ___ laid off
- ___ demoted
- X harassed
- ___ genetic characteristics testing
- X forced to quit

- ___ denied employment
- ___ denied promotion
- ___ denied transfer
- ___ denied accommodation
- ___ impermissible non-job-related inquiry
- ___ other (specify)

- ___ denied family or medical leave
- ___ denied pregnancy leave
- ___ denied equal pay
- ___ denied right to wear pants
- ___ denied pregnancy accommodation

by John Garner, Linda Walker, Kari Schmidt
Name of Person    Job Title (supervisor/manager/personnel director/etc.)

because of my:
- X sex
- ___ age
- ___ religion
- ___ race/color

- ___ national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association

- ___ physical disability
- ___ mental disability

- ___ cancer
- ___ genetic characteristic

- X other (specify) Complaining about sexual harassment

___ (Circle one) filing;
Protesting; participating in investigation (retaliation for)

the reason given by_____
Name of Person and Job Title

Was because of [please state what you believe to be reason(s)] **I complained about sexual harrassment and it was investigated too slowly which allowed the harrassment to continue. While I was** (see Next Page)

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated _____ 11-9-07 _____

*Tammy Marshall*
COMPLAINANT'S SIGNATURE

At _____
City

**RECEIVED**

DATE FILED:

**NOV 26 2007**

DEPT. OF FAIR EMPLOYMENT AND HOUSING SAN JOSE

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

On vacation I heard that the new Director did not like me, even though she had never met me. When I returned to work, the new Director was very hostile towards me. I subsequently left for medical reasons. While I was gone, I discovered that my employer had locked me out of my office, packed up my belongings, eliminated my voicemail message from my office phone and eliminated access to my email.

For these reasons I assert that I was terminated.

*Tammy Marshall*

AFFIDAVIT OF PERSONAL DELIVERY **FILED**

SAN MATEO COUNTY

MAY 2 7 ...

Clerk of the Superior Court

By _____
Deputy Clerk

_marshall_

vs

_birendate_

CASE #

**CIV 471555**

## DOCUMENTS

Endorsed filed copies of the Complaint, Summons, Notice of Case Management Conference and ADR Packet information.

I declare under penalty of perjury that I delivered back to the customer, a true copy of the foregoing documents. Executed on the above filed date at the Hall of Justice & Records in Redwood City, CA 94063.

By :    G. JACKSON
        Deputy Court Clerk

**EXHIBIT B**

# NOTICE OF CASE MANAGEMENT CONFERENCE

*Marshall*

**CV 471555**

Case No. _____

FILED
SAN MATEO COUNTY

MAR 2 7 ....

vs.

*Prozac*

Clerk of the Superior Court
By _____

Date: ___ AUG 0 8 2008 ___

Time: 9:00 a.m.

Dept. 3 – on Tuesday & Thursday
Dept. 28 – on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
    a. **Serve all named defendants and file proofs of service on those defendants with the court within 60 days** of filing the complaint (CRC 201.7).
    b. **Serve a copy of this notice**, Case Management Statement and ADR Information Sheet on all named parties in this action.
    c. **File and serve a completed Case Management Statement at least 15 days before the Case Management** Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
    d. **Meet and confer,** in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than **30 days** before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a **completed** stipulation to another ADR process (e.g., mediation) **10 days** prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to **appear in person\*** (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
    a. Referring parties to voluntary ADR and setting an ADR completion date;
    b. Dismissing or severing claims or parties;
    c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

\* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

**EXHIBIT C**

1   MICHELLE R. BARRETT, Bar No. 197280
     PAUL S. COWIE, Bar No. 250131
2   LITTLER MENDELSON
     A Professional Corporation
3   650 California Street, 20th Floor
     San Francisco, CA 94108.2693
4   Telephone:   415.433.1940
     Fax No.:      415.399.8490
5

6   Attorneys for Defendant
     BROOKDALE PROVIDENT MANAGEMENT
7   LLC

**ENDORSED FILED**
SAN MATEO COUNTY

APR 2 5 2008

Clerk of the Superior Court
By ___S. YAMBING___
      DEPUTY CLERK

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF SAN MATEO     **BY FAX**

| | |
|---|---|
| 11  TAMMY MARSHALL, | Case No. CIV 471555 |
| 12       Plaintiff, | **DEFENDANT BROOKDALE PROVIDENT MANAGEMENT'S ANSWER TO COMPLAINT** |
| 13      v. | |
| 14  BROOKDALE PROVIDENT | Complaint Filed: March 27, 2008 |
| 15  MANAGEMENT, LLC. and DOES 1 through 25, inclusive, | |
| 16       Defendants. | |

19       COMES NOW Defendant BROOKDALE PROVIDENT MANAGEMENT LLC

20 ("Defendant"), to answer the unverified Complaint filed by Plaintiff TAMMY MARSHALL

21 ("Plaintiff") as follows:

22             **GENERAL DENIAL**

23       Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant

24 hereby answers the unverified Complaint filed by Plaintiff by generally denying each and every

25 allegation contained therein, by denying that Plaintiff has been damaged or has sustained any

26 damages as a result of the conduct alleged therein, and by asserting the following separate and

27 distinct affirmative defenses.

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

DEFENDANT BROOKDALE PROVIDENT
MANAGEMENT'S ANSWER TO COMPLAINT             **CASE NO. CIV 471555**

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to Plaintiff's Complaint, Defendant alleges as follows:

AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each and every cause of action contained therein fails to properly state claim upon which relief can be granted.

AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that all or portions of Plaintiff's claims are barred by the applicable statute of limitations, including, but not limited to, Government Code section 12960.

AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims cannot be maintained against Defendant because if employees of Defendant took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Defendant and/or Defendant did not know of nor should it have known of such conduct.

AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Court lacks jurisdiction over the subject matter of some or all of Plaintiff's claims by reason of Plaintiff's failure to timely exhaust administrative remedies.

AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to adequately exhaust all of the internal remedies available to her, and that such failure bars this suit in whole or in part.

AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff was treated fairly and in good faith, and that all actions taken by Defendant with regard to Plaintiff were for lawful, nondiscriminatory and nonretaliatory business reasons, were not motivated by Plaintiff's alleged protected status, whether on the grounds of sex or otherwise, and were otherwise justified, privileged and/or done in good faith and/or with Plaintiff's consent.

AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff was an at-will employee within the meaning of California Labor Code section 2922.

2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DEFENDANT BROOKDALE PROVIDENT
MANAGEMENT'S ANSWER TO COMPLAINT

CASE NO. CIV 471555

1                AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

2 Defendant alleges that any and all conduct of which Plaintiff complains and which is attributable to

3 Defendant was a just and proper exercise of management's discretion on the part of Defendant,

4 undertaken for fair and honest reasons under the circumstances then existing.

5                AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

6 Defendant alleges that it exercised reasonable care to prevent and properly correct any harassing,

7 discriminatory, retaliatory or otherwise unlawful behavior, and Plaintiff unreasonably failed to take

8 advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm

9 otherwise.

10                AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

11 Defendant alleges that it conducted a reasonable investigation of any complaint by Plaintiff of

12 inappropriate conduct, assuming such complaints were made, and took all necessary and appropriate

13 action based on that investigation.

14                AS AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

15 Defendant alleges that at no time did it act purposefully, knowingly, deliberately, maliciously,

16 oppressively, intentionally, willfully, wantonly or with any bad faith.

17                AS A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

18 Defendant alleges that at no time did it authorize, consent to or ratify any knowing, malicious,

19 intentional, or willful conduct toward Plaintiff.

20                AS A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

21 Defendant alleges that Plaintiff's claims for punitive and emotional distress damages are barred by

22 the United States and California constitutions.

23                AS A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

24 Defendant alleges that the Complaint is preempted to the extent that the exclusive right and remedy for

25 the injuries Plaintiff claims to have suffered during her employment is to be found, if at all, in workers'

26 compensation proceedings and this Court is without subject matter jurisdiction as to those claims

27 covered by that exclusive right and remedy (Labor Code section 3600, *et seq.*); that Defendant has a

28 program to provide such compensation in accordance with the California Labor Code and insofar as

3.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1    Plaintiff's alleged injuries allegedly occurred when Plaintiff was performing services incidental to her
2    employment and where the alleged injuries were proximately caused by her employment.
3    Alternatively, to the extent that the claims are not barred by the Workers' Compensation Act, the Court
4    is nonetheless without jurisdiction to award damages for Plaintiff's industrial injuries, if any.

5            AS A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,
6    Defendant alleges that Plaintiff's cause of action for tortious constructive discharge in violation of
7    public policy is repetitive and redundant.

8            AS A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,
9    Defendant alleges that if Plaintiff suffered any emotional distress (and Defendant denies that
10   Plaintiff suffered any such distress), such distress was caused, in whole or in part, by a cause,
11   condition, person or entity unrelated to and/or not employed by Defendant.

12           AS A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,
13   Defendant alleges that any recovery Plaintiff may be entitled to must be offset and/or reduced by the
14   proportionate amount of Plaintiff's negligence, fault, bad faith, breach of common law duties and
15   violation of statutory duties.

16           AS AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,
17   Defendant alleges that any award to Plaintiff must be offset by all sums received by Plaintiff from
18   any source, including, but not limited to, unemployment insurance, private insurance, state disability
19   insurance, Social Security disability payments, workers' compensation payments, pension benefits,
20   and any sums earned by Plaintiff in other employment.

21           AS A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,
22   Defendant alleges that Plaintiff failed to mitigate her damages.

23           AS A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,
24   Defendant alleges that the loss incurred by Plaintiff if any, is attributable to the acts or omissions of
25   Plaintiff, including but not limited to Plaintiff's own negligence and/or intentional misconduct

26           AS A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,
27   Defendant alleges that the damages alleged in the Complaint were proximately caused by or
28   contributed to by the acts, or failures to act, of persons or entities other than Defendant, and that

4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433.1940

**DEFENDANT BROOKDALE PROVIDENT
MANAGEMENT'S ANSWER TO COMPLAINT**                    **CASE NO. CIV 471555**

1  these acts or failures to act constitute an intervening and superseding cause of the damages and

2  injuries alleged in the Complaint.

3         AS A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE

4  DEFENSE, Defendant alleges that Plaintiff has failed to state facts sufficient to constitute a claim for

5  which attorneys' fees and costs may be granted.

6         AS A TWENTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE

7  DEFENSE, Defendant alleges that the Complaint fails to properly state a claim on which

8  prejudgment interest may be awarded.

9         AS A TWENTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE

10  DEFENSE, Defendant alleges that Plaintiff's claims are barred by the equitable doctrines of

11  estoppel, waiver, unclean hands and/or laches.

12         AS A TWENTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

13  Defendant alleges that Plaintiff's claims are barred, and/or her recovery of any damages is barred or

14  diminished, pursuant to the after-acquired evidence doctrine.

15         AS A TWENTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE

16  DEFENSE, Defendant alleges that some or all of Plaintiff's claims are barred because Plaintiff

17  breached her contractual obligation to submit each such claim to final and binding arbitration, and/or

18  that this Court lacks jurisdiction.

19         AS A TWENTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE

20  DEFENSE, Defendant alleges that some or all of Plaintiff's claims should have been submitted to

21  binding arbitration, with the result that some or all of Plaintiff's claims have been brought in the

22  wrong forum, with the result that the Court lacks jurisdiction.

23         AS A TWENTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE

24  DEFENSE, Defendant alleges that it had no knowledge of any prior alleged retaliatory or otherwise

25  unlawful behavior of any of its employees, agents, or representatives.

26         AS A TWENTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE

27  DEFENSE, Defendant alleges that Plaintiff failed to state facts sufficient to state a claim for which

28  punitive or exemplary damages may be awarded.

5.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANT BROOKDALE PROVIDENT
MANAGEMENT'S ANSWER TO COMPLAINT

CASE NO. CIV 471555

1       AS A THIRTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

2 Defendant alleges that Plaintiff's claims are unreasonable and/or asserted against Defendant in bad

3 faith, and are frivolous, and for that reason justify an award of attorneys' fees and costs against

4 Plaintiff pursuant to section 128.7 of the California Code of Civil Procedure and pursuant to

5 California Rules of Court.

6       AS A THIRTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

7 Defendant alleges that it did not violate any statutory duties imposed upon it by Government Code

8 section 12940, *et seq.*

9       AS A THIRTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE

10 DEFENSE, Defendant alleges that any alleged wrongful conduct by Defendant does not constitute

11 conduct in contravention of any public policy of the State of California.

12       AS A THIRTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

13 Defendant alleges that, assuming arguendo, any conduct alleged by Plaintiff occurred, such conduct

14 was not severe or pervasive so as to alter the conditions of employment and/or create a hostile work

15 environment.

16       AS A THIRTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE

17 DEFENSE, Defendant alleges that Plaintiff has failed to state a claim for which damages, including,

18 but not limited to, general, compensatory, or punitive damages, may be granted.

19       AS A THIRTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

20 Defendant alleges that it had implemented and at all relevant times maintained a *bona fide* policy

21 against unlawful discrimination, harassment and retaliation.

22       AS A THIRTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

23 Defendant alleges that because Plaintiff's complaint is couched in conclusory terms, all affirmative

24 defenses that may be applicable to the within action cannot be wholly anticipated. Accordingly, the

25 right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are

26 applicable, is reserved.

27       WHEREFORE, Defendant prays that:

28       1.     The Complaint be dismissed in its entirety with prejudice;

6.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANT BROOKDALE PROVIDENT
MANAGEMENT'S ANSWER TO COMPLAINT**
      **CASE NO. CIV 471555**

1      2.    Plaintiff take nothing by her Complaint;

2      3.    Judgment be entered in favor of Defendant and against Plaintiff on all causes

3            of action;

4      4.    Defendant be awarded its costs of suit and reasonable attorneys' fees; and

5      5.    The Court award Defendant such other and further relief as it deems

6            appropriate.

7

8    Dated: April 25, 2008

9

10                                              _____
                                                PAUL S. COWIE
11                                              MICHELLE R. BARRETT
                                                LITTLER MENDELSON
12                                              A Professional Corporation
                                                Attorneys for Defendant
13                                              BROOKDALE PROVIDENT
                                                MANAGEMENT LLC

14

15   Firmwide:84964880.1 051918.1000

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

7.

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. On April 25, 2008, I served the within document(s):

**DEFENDANT BROOKDALE PROVIDENT MANAGEMENT'S ANSWER TO COMPLAINT**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 415.399.8490. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Francisco, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Robert M. Lubin
Joseph Camenzind, IV
177 Bovet Road, Suite 600
San Mateo, CA 94402

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 25, 2008, at San Francisco, California.

_Pamela Sloan_
Pamela A. Sloan

Firmwide:85032867.1 051918.1000

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433.1940

**EXHIBIT D**



**Home**               **Complaints/Parties**     **Actions**
**Pending Hearings**    **Images**               **Case Report**

## Case CIV471555 - TAMMY MARSHALL VS BROOKDALE PROVIDENT MGT

[ Move To This Date ]

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| N | 08/08/2008 9:00 AM DEPT. 28 | CASE MANAGEMENT CONFERENCE | | |
| | 04/25/2008 | (S) ANSWER TO COMPLAINT OF TAMMY MARSHALL FILED BY BROOKDALE PROVIDENTMANAGEMENT,LLC, REPRESENTED BY MICHELLE R BARRETT | - | N/A |
| N | 03/27/2008 | (S) COMPLAINT FILED | - | |
| N | 03/27/2008 | CIVIL CASE COVERSHEET RECEIVED | - | |
| N | 03/27/2008 | AFFIDAVIT OF PERSONAL DELIVERY BY G JACKSON FILED | - | |
| N | 03/27/2008 | 30 DAY SUMMONS, ISSUED AND FILED. | - | |
| | 03/27/2008 | PLEADING AND PARTY INFORMATION ENTERED. | - | |

**EXHIBIT E**

1    MICHELLE R. BARRETT, Bar No. 197280
     PAUL S. COWIE, Bar No. 250131
2    LITTLER MENDELSON
     A Professional Corporation
3    650 California Street, 20th Floor
     San Francisco, CA  94108.2693
4    Telephone:    415.433.1940
     Fax No.:      415.399.8490
5
     Attorneys for Defendant
6    BROOKDALE PROVIDENT MANAGEMENT LLC

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF SAN MATEO

10

11   TAMMY MARSHALL,                          Case No.  CIV 471555

12              Plaintiff,                     **NOTICE TO STATE COURT, PLAINTIFF
                                               AND COUNSEL OF REMOVAL OF CIVIL
13        v.                                   ACTION TO FEDERAL COURT UNDER
                                               28 U.S.C. §§ 1332, 1441 AND 1446
14   BROOKDALE PROVIDENT                       (DIVERSITY)**
     MANAGEMENT, LLC. and DOES 1
15   through 25, inclusive,                    Complaint Filed:  March 27, 2008

16              Defendants.

17

18   TO THE CLERK OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
     AND TO THE PLAINTIFF AND HER ATTORNEY OF RECORD:
19

20             PLEASE    TAKE    NOTICE    that    Defendant    BROOKDALE    PROVIDENT

21   MANAGEMENT, LLC has, on April 28, 2008, filed a Notice of Removal in the office of the Clerk

22   of the United States District Court in and for the Northern District of California.  A true and correct

23   copy of said Notice of Removal and accompanying exhibits are attached hereto and incorporated

24   herein by reference as Exhibit 1.

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**NOTICE TO STATE COURT, PLAINTIFF AND
COUNSEL OF REMOVAL OF ACTION**                          **CASE NO. CIV 471555**

1        PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of

2  said Notice of Removal of Civil Action with the United States District Court, together with the filing

3  of said Notice of Removal of Civil Action with this Court, effects the removal of this action and this

4  Court may proceed no further unless and until the case is remanded.

5

6  Dated: April 28, 2008

7                                       MICHELLE R. BARRETT

8                                       PAUL S. COWIE
                                        LITTLER MENDELSON

9                                       A Professional Corporation
                                        Attorneys for Defendant

10                                      BROOKDALE PROVIDENT
                                        MANAGEMENT LLC

11

12  Firmwide:85005957.1 051918.1024

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**NOTICE TO STATE COURT, PLAINTIFF AND
COUNSEL OF REMOVAL OF ACTION**                               **CASE NO. CIV 471555**

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. On April 28, 2008, I served the within document(s):

> **NOTICE TO STATE COURT, PLAINTIFF AND COUNSEL OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY)**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 415.399.8490. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Francisco, California addressed as set forth below.

☒ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

> Robert M. Lubin
> Joseph Camenzind, IV
> 177 Bovet Road, Suite 600
> San Mateo, CA 94402

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 28, 2008, at San Francisco, California.

_Pamela Sloan_

Pamela A. Sloan

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**EXHIBIT A**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| ROBERT M. LUBIN    055863<br>LAW OFFICES OF ROBERT M. LUBIN<br>177 Bovet Road, Suite 600<br><br>San Mateo, CA 94402-3191<br>TELEPHONE NO.: 650-638-2331    FAX NO.: 650-638-1005<br>ATTORNEY FOR *(Name)*: Plaintiff | **RECEIVED**<br><br>MAR 2 7 2008<br><br>CLERK OF THE SUPERIOR COURT<br>SAN MATEO COUNTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern

CASE NAME:  TAMMY MARSHALL vs BROOKDALE PROVIDENT
MANAGEMENT, LLC and DOES 1 through 25, inclusive

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | JUDGE:<br>DEPT: | **CIV471555** |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive

4. Number of causes of action *(specify)*: Four (4)

5. This case [ ] is  [x] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: MARCH 28, 2007

ROBERT M. LUBIN    055863
_____    ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** Legal<br>Solutions | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BROOKDALE PROVIDENT MANAGEMENT, LLC. and DOES 1
THROUGH 25, INCLUSIVE



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SAN MATEO COUNTY
MAR 27 2008
Clerk of the Superior Court
By _____
DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TAMMY MARSHALL

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 County Center<br>Redwood City, CA 94063 | CASE NUMBER:<br>*(Número del Caso):*<br>CIV 471555 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ROBERT M. LUBIN    055863                         650-638-2331      650-638-1005
LAW OFFICES OF ROBERT M. LUBIN
177 Bovet Road, Suite 600
San Mateo, CA 94402-3191

DATE: MAR 27 2008    JOHN C. FITTON                Clerk, by _____, Deputy
*(Fecha)*                 *(Secretario)*                                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

 Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1     *LAW OFFICES OF ROBERT LUBIN*

2     ROBERT M. LUBIN, ESQ. (055863)

    JOSEPH CAMENZIND, IV (244154)

3     177 Bovet Road, Suite 600

    San Mateo CA 94402

4     Telephone:  650.638-2331

5     Facsimile:  650.638-1005

6     Attorney for Plaintiff TAMMY MARSHALL

**FILED**

SAN MATEO COUNTY

MAR 2 7 2008

Clerk of the Superior Court

By _____

DEPUTY CLERK

RML

7

8        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            IN AND FOR THE COUNTY OF SAN MATEO

10

11 TAMMY MARSHALL        )   CASE NO. CIV

12                        )   **CIV471555**

13       Plaintiff,        )   COMPLAINT FOR:

                       )   (1) RETALIATION; GOVT. CODE §12940

14     vs.               )   (2) SEXUAL HARASSMENT; GOVT.

15                        )   CODE §12940(J)

    BROOKDALE PROVIDENT  )   (3) FAILURE TO PREVENT

16     MANAGEMENT, LLC. and DOES 1  )   DISCRIMINATION AND HARASSMENT;

    through 25, inclusive    )   GOVT. CODE §12940(K)

17                        )   (4) TORTIOUS CONSTRUCTIVE

      Defendants.     )   DISCHARGE IN VIOLATION OF PUBLIC

18                        )   POLICY

19                        )

20                        )

21

22     Plaintiff TAMMY MARSHALL alleges as follows:

23

24       1.    Plaintiff TAMMY MARSHALL is an individual who resides in San Mateo

25 County, California.  At all times herein Plaintiff was an employee covered by the California

26 Government Code §12940 prohibiting discrimination or retaliation in employment on the basis of

27

28 <u>MARSHALL v. BROOKDALE</u>

    COMPLAINT

sex.

    2.     Defendant BROOKDALE PROVIDENT MANAGEMENT, LLC.

("BROOKDALE") is a Delaware Company, authorized to conduct business in the State of California, principle place of business 485 Woodside Road, Redwood City, CA 94061, in the County of San Mateo.   Defendant is in the elderly care and housing industry. At all times herein alleged, Defendant was an employer within the meaning of California Government Code §12926(d).

    3.     Plaintiff does not know the true names and capacities of those Defendants sued herein as DOES 1-25, inclusive; and therefore sues these Defendants by such fictitious names. Plaintiff will amend her Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes on that basis, alleges that each Defendant sued under such fictitious names is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning as the agent, servant, partner and/or employee of the co-Defendants, and in doing the actions mentioned below, were acting within the course and scope of his or her authority as such agent, servant, partner, and/or employee with the permission and consent of the co-Defendant.

    4.     Plaintiff MARSHALL is originally from New York State, and is a LPN.  In 2006, Defendant BROOKDALE recruited Plaintiff MARSHALL to manage its  Redwood City facility at 485 Woodside Road, hereinafter referred to as ("Woodside Facility").  The Defendant's Woodside Facility had been under severe scrutiny by the State of California for its many deficiencies.   The property was working on a restricted license and was at risk for closure. Plaintiff was hired in essence to "clean up" the Woodside Facility.

MARSHALL v. BROOKDALE
COMPLAINT
- 2 -

5.    Plaintiff MARSHALL excelled at her position, as under her management the Woodside Facility obtained deficiency-free status and its reputation greatly improved. Plaintiff performed so well that she was awarded a $10,000 bonus.

6.    In November 2006 John Garner, Plaintiff's supervisor, began a pattern of inappropriate conduct, and unwanted sexual harassment toward Ms. MARSHALL. Mr. Garner's harassment started off with him initially telling Plaintiff how much he enjoyed working with her, he would state this at least 3 times a day every day, and gradually increased to intolerable levels. For example:

a)    During a lunch meeting Mr. Garner revealed to Plaintiff that his father molested his sisters. Such a revelation was inappropriate considering the two did not have any relationship outside work, and had only known each other a few months.

b)    Mr. Garner told Plaintiff about a man who was terminated for tricking a female coworker into touching his genitals by placing an item in his pocket and encouraging her to retrieve it at a company Christmas party. Mr. Garner indicated he believed it was ridiculous, and that sexual harassment in the workplace has been taken way out of context.

c)    Mr. Garner, who is married, told Plaintiff about an affair he had with a co-worker at a previous job. He said it was a "great" experience and he would do it all over again. He then proceeded to smile and glare at Plaintiff.

d)    When Plaintiff left work early because she was sick on one occassion, Mr. Garner called her at home at 10:00 p.m. to ask how she was feeling. Plaintiff believes it was inappropriate to call her at such late an hour.

e)    Mr. Garner followed Plaintiff into the stairwell, came up close behind her and started massaging her shoulders with both hands. Mr. Garner stated, "You need a good massage." Plaintiff responded by quickly walking away.

Because of these incidents, and Mr. Garner's inappropriate conduct, Plaintiff developed significant anxiety, and feared confronting Mr. Garner. She actually spent many days crying. For the first time in her life Plaintiff began to suffer from high blood pressure, for which she was

<u>MARSHALL v. BROOKDALE</u>
COMPLAINT

- 3 -

1   placed on medication.   Plaintiff also began seeing a psychotherapist to help her with her job

2   related stress and anxiety.  Mr. Garner's conduct got worse, and began to significantly interfere

3   with Plaintiff's ability to perform her job.

4

5   7.      On January 29, 2007, Plaintiff was assisting a 911 unit care for an elderly patient.

6   The unit included a policeman, paramedic and fireman. Plaintiff was the only woman present,

7   aside from the patient. Mr. Garner arrived and approached Plaintiff and started discussing an

8   email. He said the email was from a Hospice company who hired a prostitute to have sex with a

9   dying patient. Plaintiff walked away and told Mr. Garner that she did not want to discuss the

10  email. Plaintiff walked towards the paramedics to answer their questions and Mr. Garner

11  followed her. Plaintiff alleges that Mr. Garner knew she was uncomfortable, but continued

12  discussing the email anyway.   The entire scenario was extremely embarrassing for Plaintiff, and

13

14  inappropriate.

15  8.      Immediately after the incident Plaintiff went o the HR office and told Isaac Lopez.

16  Mr. Lopez dismissed Plaintiff's concerns, and Plaintiff returned to her office humiliated and

17  began to cry.   About 30 minutes later, Mr. Garner came into Plaintiff's office with a copy of the

18

19  email. Plaintiff told him she did not want to discuss the email.   Mr. Garner asked if he offended

20  Plaintiff, and Plaintiff responded in the affirmative. Mr. Garner also discussed this email with

21  Aleta Walker, who was also offended.

22  9.      During the first week of February 2007, Ms. MARSHALL and Ms. Walker

23

24  discussed the email with Mr. Garner's direct supervisor  Kari Schmidt (Regional Director of

25  Operations).  In addition to the email Ms. MARSHALL discussed Mr. Garner's other

26  inappropriate conduct. Ms. Schmidt promised that she would take care of the situation, but

27

28  <u>MARSHALL v. BROOKDALE</u>
    COMPLAINT
                                      - 4 -

1   Plaintiff is informed and believes that she failed to do so.

2       10.    Ms. MARSHALL never heard from Ms. Schmidt and Mr. Garner's conduct

3   continued. Approximately one month later Ms. MARSHALL filed a formal complaint with

4   BROOKDALE's confidential Human Resource hotline. One to two days later Ms.

5   MARSHALL received a phone call from Ms. Schmidt, who was angry. Ms. Schmidt asked Ms.

6   MARSHALL why she filed a formal report when she stated she would handle it. Ms. Schmidt

7   was very defensive and made Ms. MARSHALL feel uncomfortable.

8

9       11.    Approximately two weeks later, Ms. MARSHALL receive a call from Janet

10  Clavejo (Corporate Director of Human Resources for our region). Ms. MARSHALL explained

11  she did not feel comfortable being near Mr. Garner, and that she changed her routines to avoid

12  Mr. Garner.  Ms. Clavejo simply replied that she hoped Ms. MARSHALL would get past it and

13  move forward. Ms. MARSHALL took this as Ms. Clavejo simply stating "get over it". Ms.

14  MARSHALL continued to feel her job was in jeopardy and she was being labeled a

15  troublemaker.

16

17      12.    In late March, Ms. MARSHALL was on the phone in her office when Mr.

18  Garner entered and closed the door. The two were scheduled to have a conference call with a

19  third party. Mr. Garner brought his lunch, and ate it on her desk while she was on the phone.

20  When he was finished eating, he placed his feet on her desk and his hands behind his head.

21  After the call, Mr. Garner left his dishes, and the mess he made on Ms. MARSHALL's desk.

22  Plaintiff reported the incident to Gail Cimini. Mr. MARSHALL alleges that Mr. Garner did

23  these acts to make her feel inferior, and in response to her complaints.

24

25      13.    At this point, Ms. MARSHALL developed extreme anxiety and was in constant

26

27

28  <u>MARSHALL v. BROOKDALE</u>
    COMPLAINT
                                      - 5 -

1  fear of losing her job, which was justifiable. She filed her initial complaint with Ms. Schmidt in

2  early February 2007 for which no action was taken. After she contacted BROOKDALE's

3
   Human Resource Department, Ms. Schmidt demonstrated anger at her. Moreover, her
4
5  complaints appeared to do nothing but cause Mr. Garner to take an antagonistic approach toward

6  her.

7       14.     On April 17, 2007, Mr. Garner struck up a conversation with Ms. MARSHALL

8  about his vacations to Florida. Mr. Garner went on to describe an incident in Florida where he

9
   fell asleep on the beach, and awoke to be surrounded by naked and bare-breasted women. He was
10
11 laughing and stated, "he thought he died and went to heaven" Ms. MARSHALL notified Ms.

12 Schmidt, Ms. Cimini and Ms. Clavejo, about the incident and Mr. Garner was removed from the

13 property, and a memo was released indicating he resigned.

14      15.     Ms. MARSHALL was then given the title of acting Executive Director, with her

15 RCFE license listed on the building, but was given none of the duties. BROOKDALE retained a
16
   temporary employee named Mike Meehan, from Texas, to perform the duties of Executive
17
18 Director. Mr. Meehan did not have an RCFE license which was required. Ms. MARSHALL

19 alleges that the fact she was not given the duties of Executive Director, was retaliation for her

20 complaints regarding Mr. Garner, and the fact she was labeled acting Executive Director was

21 because BROOKDALE needed her license.

22      16.     Ms. MARSHALL went on vacation from July 4, 2007 - July 16, 2007. During
23
   this period BROOKDALE hired a new Executive Director, Linda Clark Walker. From then on
24
25 Ms. Clark began a pattern of constant abuse, and open hostility toward Plaintiff. Plaintiff alleges

26 that this was done in retaliation for her complaints regarding Mr. Garner, and that Ms. Clark

27

28 MARSHALL v. BROOKDALE
   COMPLAINT
                                              - 6 -

1  purposely wanted to push Ms. MARSHALL out of her position.

2       17.    On July 11, 2007 Linda Clark Walker told Aleta Walker, in front of other

3

4  employees, *"I haven't even met Tammy and I know we are not going to get along."* On the

5  evening of July 11, 2007, Linda Clark Walker told Aleta Walkerr, *"I do not like the way Tammy*

6  *runs her department."* Linda Clerk Walker had been on the property two days, and had not even

7  met Ms. MARSHALL.

8       18.    On July 12, 2007 Ms. Walker held a cabinet meeting, and publically stated to the

9

10 entire cabinet, *"I have not even met Tammy and I know we are going to butt heads".* During

11 Ms. MARSHALL's vacation Ms. Walker continued to make numerous comments regarding her

12 dislike for Ms. MARSHALL, and even interviewed at least two possible replacements for Ms.

13 MARSHALL.

14      19.    During Ms. MARSHALL's vacation, Ms. Walker stated to one BROOKDALE

15 employee that, *"Tammy is NOT in good standing with Kari (Ms. Schmidt)"*.

16

17      20.    When Ms. MARSHALL returned to BROOKDALE after her vacation, Ms.

18 Walker continued her campaign to annoy, and harass Ms. MARSHALL.  (1) Ms. Walker refused

19 to authorize a computer for Ms. MARSHALL, even though her computer was inoperative.  Ms.

20 MARSHALL could not effectively perform her job without a computer.  (2) Ms. Walker began

21 assessing new admissions, which was Ms. MARSHALL's job. (3) Ms. Walker told Ms.

22 MARSHALL she could no longer use the Pathways Hospice agency, which Ms. MARSHALL

23 had been using and for which she had developed a good working relationship with. (4) Ms.

24 Walker refused to allow Ms. MARSHALL to hire additional needed staff. (5) Ms. Walker

25 terminated Issac Lopez, one of the witnesses who heard Ms. Walker publically stated she did not

26

27

28 MARSHALL v. BROOKDALE
   COMPLAINT
                              - 7 -

1  like Ms. MARSHALL. (6) Ms. Walker's behavior forced Aleta Walker to quit (Aleta Walker

2  and Ms. MARSHALL made the initial complaint regarding Mr. Garner to Ms. Schmidt). (6) At

3
4  an August 6, 2007 meeting with Plaintiff Ms. Walker in a hostile manner stated, *"I know

5  everyone thinks you are good at what you do, but I am NOT impressed."*, and *"I am watching

6  you closely and I am not happy."*

7       21.     Because of Ms. Walker's abuse and harassment, Ms. MARSHALL was soon

8  hospitalized, and placed on medical leave. For the first time in her life, Ms. MARSHALL was

9
10 placed on antidepressants. On August 23, 2007, while on medical leave, Ms. MARSHALL

11 learned that the locks to her office had been changed, her voice-mail was changed, her name was

12 removed from the outgoing messages, and her belongings were packed.   She could no longer

13 access her email.

14       22.     Based on Ms. Walker's actions and attitude toward Ms. MARSHALL, Ms.

15 Schmidit's past hostility and the fact she was locked out of her office, voice-mail and email, Ms.

16
17 MARSHALL  reasonably concluded that her working conditions at BROOKDALE  were

18 intolerable and would remain intolerable, and that she had been constructively discharged from

19 her employment with BROOKDALE.

20       23.     Within one year of the termination Plaintiff filed a complaint with the Department

21 of Fair Housing & Employment ("DFEH"). The DFEH  issued to Plaintiff a notice of right to

22
23 bring a civil action based on the charge of discrimination.  A copy of this notice of right of action

24 is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set

25 forth.

26

27

28
   MARSHALL v. BROOKDALE
   COMPLAINT
                              - 8 -

**FIRST CAUSE OF ACTION**
**(Retaliation - Govt. Code §12940)**

24.    The allegations set forth in paragraphs 1 through 23  are alleged and incorporated herein by reference.

25.    Defendant BROOKDALE has retaliated against Plaintiff in violation of Government Code sections 12940(h), by engaging in a course or retaliatory conduct, including, among other things, the conduct set forth in paragraphs 15 through 23 above, when she complained about sexual harassment and hostility.  This retaliation was carried out by Ms. Walker, acting within the course and scope of her employment.  This conduct continued until Plaintiff was constructively discharged.

26.    At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her position.  Plaintiff did, in fact, perform those duties in an excellent fashion, as under her supervision BROOKDALE's Woodside facility obtained  deficiency-free status and its reputation greatly improved.

27.    As a proximate result of Defendant's discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of salary, benefits, and additional amounts of money she would have received if Defendant had not terminated her employment.  As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

28.    As a further proximate result of Defendant's discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that she has suffered humiliation, anguish, and emotional and physical distress.  As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

29.    The above-recited actions of Defendant were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendants as herein set forth.

## SECOND CAUSE OF ACTION
### Sexual Harassment - Govt. Code §12940(j)

30.    The allegations set forth in paragraphs 1 through 23 are alleged and incorporated herein by reference.

31.    At all times mentioned, Government Code sections 12940 *et seq.* were in full force and effect and were binding on defendants. These sections require Defendants to refrain from discriminating against and harassing any employee on the basis of sex, among other things.

32.    As alleged in paragraphs 6 through 14 above, Mr. Garner created and allowed to exist a sexually hostile environment, and discriminated against and harassed Plaintiff on the basis of her sex. At all time mentioned Mr. Garner was an agent and supervisor for BROOKDALE under Cal. Govt. Code 12926( r). As such Defendant is liable for Mr. Garner's actions. Moreover, Defendant allowed the sexually hostile environment, discrimination and harassment by Mr. Garner to continue after Plaintiff complained. Defendant failed to conduct an investigation or to take all reasonable steps necessary to end the sexual harassment and sexual discrimination in a timely manner.

33.    At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her position. Plaintiff did, in fact, perform those duties in an excellent fashion, as under her supervision BROOKDALE's Woodside facility obtained deficiency-free status and its reputation greatly improved.

MARSHALL v. BROOKDALE
COMPLAINT

- 10 -

34.    As a proximate result of Defendant's discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of salary, benefits, and additional amounts of money she would have received if Defendant had not terminated her employment. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

35.    As a further proximate result of Defendant's discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that she has suffered humiliation, anguish, and emotional and physical distress. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

36.    The above-recited actions of Defendant were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendants as herein set forth.

### THIRD CAUSE OF ACTION
**(Failure to Prevent Discrimination and Harassment - Govt. Code §12940(k))**

37.    The allegations set forth in paragraphs 1 through 23 above are alleged and incorporated herein by reference.

38.    Defendant failed to take all reasonable steps to prevent discrimination and harassment against Plaintiff from occurring, and to take immediate and appropriate corrective action to remedy the harassment, in violation of Cal. Gov. Code §12940(k) as alleged in paragraphs 1 through 23 of this Complaint.

39.    At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her position. Plaintiff did, in fact, perform those duties in an excellent fashion,

MARSHALL v. BROOKDALE
COMPLAINT
- 11 -

as under her supervision BROOKDALE's Woodside facility obtained deficiency-free status and its reputation greatly improved.

40.    As a proximate result of Defendant's discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of salary, benefits, and additional amounts of money she would have received if Defendant had not terminated her employment. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

41.    As a further proximate result of Defendant's discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that she has suffered humiliation, anguish, and emotional and physical distress. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

42.    The above-recited actions of Defendant were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendant as herein set forth.

## FOURTH CAUSE OF ACTION
### (Tortious Constructive Discharge in Violation of Public Policy)

43.    The allegations set forth in paragraphs 1 through 23 above are re-alleged and incorporated herein by reference.

44.    At all times mentioned in this Complaint, California Constitution Article I, Section 8 was in full force and effect and was binding on Defendants. This section requires Defendants to refrain from discriminating against any employee on the basis of sex, and refrain from discriminating against an employee for reporting sexual harassment.

45.    As alleged above, Defendant violated this Section by harassing and discriminating

MARSHALL v. BROOKDALE
COMPLAINT
- 12 -

against Plaintiff.

46.    At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her position.  Plaintiff did, in fact, perform those duties in an excellent fashion, as under her supervision BROOKDALE's Woodside facility obtained deficiency-free status and its reputation greatly improved.

47.    As a proximate result of Defendant's discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of salary, benefits, and additional amounts of money she would have received if Defendant had not terminated her employment.  As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

48.    As a further proximate result of Defendant's discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that she has suffered humiliation, anguish, and emotional and physical distress.  As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

49.    The above-recited actions of Defendant were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant as herein set forth.

//

//

//

//

MARSHALL v. BROOKDALE
COMPLAINT
- 13 -

1

2

WHEREFORE, Plaintiff TAMMY MARSHALL prays for judgment against Defendants

as follows:

3

4

    (1)     For monetary damages in an amount proved at trial.

5

    (2)     For damages for mental pain and suffering in an amount to be proved at trial.

6

    (3)     For an award of interest, including prejudgment interest, at the legal rate.

7

8

    (4)     For attorney fees and costs of suit herein.

9

    (5)     For punitive damages.

10

    (6)     For an award to Plaintiff MARSHALL of such other and further relief as this

11

Court deems just and proper.

12

Dated: March 26, 2008.           LAW OFFICES OF ROBERT M. LUBIN

13

14

15

Robert M. Lubin, Attorney for Plaintiff
TAMMY MARSHALL

16

17

18

19

20

21

22

23

24

25

26

27

28

MARSHALL v. BROOKDALE
COMPLAINT

- 14 -







STATE OF CALIFORNIA - STATE AND CONSUMER SERVICE AGENCY                                          ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2570 North 1st Street, Suite 480, San Jose, CA 95131
(408) 325-0344 TTY (800) 700-2320 Fax (408) 325-0339
www.dfeh.ca.gov



November 26, 2007


Robert M. Lubin
Attorney At Law
LAW OFFICES OF ROBERT M. LUBIN
177 Bovet Rd., Ste. 600
San Mateo, CA 94402-3191


RE:    E200708G0572-00-sc
       MARSHALL/BROOKDALE PROVIDENT MANAGEMENT, LLC

Dear Robert M. Lubin:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
November 26, 2007 because an immediate right-to-sue notice was requested.
DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint. The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Marlee Massetti*

Marlene Massetti
District Administrator

cc:    Case File

HUMAN RESOURCES DIRECTOR
BROOKDALE PROVIDENT MANAGEMENT, LLC
485 WOODSIDE ROAD
REDWOOD CITY, CA  94061

DFEH-200-43 (06/06)

# * * * EMPLOYMENT * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # __E-200708-G-0572-00-sc__

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (Indicate Mr. or Ms.)
_Ms. Tammy Marshall_

TELEPHONE NUMBER (INCLUDE AREA CODE)
_650-226-3332_

ADDRESS _601- 627 Baltic Circle_

CITY/STATE/ZIP _Redwood Shores, CA 94065_    COUNTY _San Mateo_    COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME _Brookdale Provident Management, LLC_    TELEPHONE NUMBER (Include Area Code) _650-366-3900_

ADDRESS _485 Woodside Rd_    DFEH USE ONLY

CITY/STATE/ZIP _Redwood City, CA 94061_    COUNTY _San Mateo_    COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known) _more than 100_    DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) _Sept. 7, 2007_    RESPONDENT CODE

THE PARTICULARS ARE:

On _Jan 07 - Sept. 7-07_ I was

____ fired
____ laid off
____ demoted
_X_ harassed
_X_ forced to quit
____ genetic characteristics testing

____ denied employment
____ denied promotion
____ denied transfer
____ denied accommodation
____ impermissible non-job-related inquiry
____ other (specify)

____ denied family or medical leave
____ denied pregnancy leave
____ denied equal pay
____ denied right to wear pants
____ denied pregnancy accommodation

by _John Garner, Linda Walker, Kari Schmidt_
Name of Person    Job Title (supervisor/manager/personnel director/etc.)

because of my:
_X_ sex
____ age
____ religion
____ race/color

____ national origin/ancestry
____ marital status
____ sexual orientation
____ association

____ physical disability
____ mental disability

____ cancer
____ genetic characteristic

_X_ other (specify) _Complaining about_
_Sexual harassment_

____ (Circle one) filing:
Protesting; participating in investigation (retaliation for)

the reason given by _____
Name of Person and Job Title

Was because of [please state what you believe to be reason(s)] _I Complained about Sexual harrassment and it was investigated too slowly which allowed the harrassment to continue. While I was_ (see Next Page)

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated ___11-9-07___

_Tammy Marshall_
COMPLAINANT'S SIGNATURE

At _____
City

**RECEIVED**

**NOV 26 2007**

DEPT. OF FAIR EMPLOYMENT AND HOUSING SAN JOSE

DATE FILED:

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

On vacation I heard that the new Director did not like me, even though she had never met me. When I returned to work, the new Director was very hostile towards me. I subsequently left for medical reasons. While I was gone, I discovered that my employer had locked me out of my office, packed up my belongings, eliminated my voicemail message from my office phone and eliminated access to my email.

For these reasons I assert that I was terminated.

*Tammy Marshall*

AFFIDAVIT OF PERSONAL DELIVERY **F I L E D**

SAN MATEO COUNTY

MAY 27 2013

Clerk of the Superior Court
By _____
Deputy Clerk

_marshall_

vs

_Birch dale_

CASE #

**CN 471555**

**DOCUMENTS**

Endorsed filed copies of the Complaint, Summons, Notice of Case Management Conference and ADR Packet information.

I declare under penalty of perjury that I delivered back to the customer, a true copy of the foregoing documents.  Executed on the above filed date at the Hall of Justice & Records in Redwood City, CA  94063.

By :   G. JACKSON
       Deputy Court Clerk

**EXHIBIT B**

# NOTICE OF CASE MANAGEMENT CONFERENCE

_Marshall_

vs.

_Brooks_

**FILED**
SAN MATEO COUNTY

MAR 2 7

Clerk of the Superior Court

**CV 471555**

Case No. _____

Date: ____ AUG 0 8 2008

Time: 9:00 a.m.

Dept. 3 – on Tuesday & Thursday
Dept. 28 – on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

   a. **Serve all named defendants and file proofs of service** on those defendants with the court within **60 days** of filing the complaint (CRC 201.7).

   b. **Serve a copy of this notice**, Case Management Statement and ADR Information Sheet on all named parties in this action.

   c. **File and serve** a completed Case Management Statement at least **15 days** before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.

   d. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than **30 days** before the date set for the Case Management Conference.

> 2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a **completed** stipulation to another ADR process (e.g., mediation) **10 days** prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:

   a. Referring parties to voluntary ADR and setting an ADR completion date;

   b. Dismissing or severing claims or parties;

   c. Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

**EXHIBIT C**

1  MICHELLE R. BARRETT, Bar No. 197280
   PAUL S. COWIE, Bar No. 250131
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA 94108.2693
4  Telephone:    415.433.1940
   Fax No.:      415.399.8490
5
   Attorneys for Defendant
6  BROOKDALE PROVIDENT MANAGEMENT
   LLC
7

ENDORSED FILED
SAN MATEO COUNTY

APR 2 5 2008

Clerk of the Superior Court
By ____ S. YAMBING
        DEPUTY CLERK

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SAN MATEO          BY FAX

10

11  TAMMY MARSHALL,                    Case No. CIV 471555

12              Plaintiff,             DEFENDANT BROOKDALE PROVIDENT
                                       MANAGEMENT'S ANSWER TO
13       v.                            COMPLAINT

14  BROOKDALE PROVIDENT                Complaint Filed: March 27, 2008
    MANAGEMENT, LLC. and DOES 1
15  through 25, inclusive,

16              Defendants.

17

18

19       COMES NOW Defendant BROOKDALE PROVIDENT MANAGEMENT LLC

20  ("Defendant"), to answer the unverified Complaint filed by Plaintiff TAMMY MARSHALL

21  ("Plaintiff") as follows:

22                            **GENERAL DENIAL**

23       Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant

24  hereby answers the unverified Complaint filed by Plaintiff by generally denying each and every

25  allegation contained therein, by denying that Plaintiff has been damaged or has sustained any

26  damages as a result of the conduct alleged therein, and by asserting the following separate and

27  distinct affirmative defenses.

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT BROOKDALE PROVIDENT
MANAGEMENT'S ANSWER TO COMPLAINT                    CASE NO. CIV 471555

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to Plaintiff's Complaint, Defendant alleges as follows:

AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each and every cause of action contained therein fails to properly state claim upon which relief can be granted.

AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that all or portions of Plaintiff's claims are barred by the applicable statute of limitations, including, but not limited to, Government Code section 12960.

AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims cannot be maintained against Defendant because if employees of Defendant took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Defendant and/or Defendant did not know of nor should it have known of such conduct.

AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Court lacks jurisdiction over the subject matter of some or all of Plaintiff's claims by reason of Plaintiff's failure to timely exhaust administrative remedies.

AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to adequately exhaust all of the internal remedies available to her, and that such failure bars this suit in whole or in part.

AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff was treated fairly and in good faith, and that all actions taken by Defendant with regard to Plaintiff were for lawful, nondiscriminatory and nonretaliatory business reasons, were not motivated by Plaintiff's alleged protected status, whether on the grounds of sex or otherwise, and were otherwise justified, privileged and/or done in good faith and/or with Plaintiff's consent.

AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff was an at-will employee within the meaning of California Labor Code section 2922.

2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1        AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

2   Defendant alleges that any and all conduct of which Plaintiff complains and which is attributable to

3   Defendant was a just and proper exercise of management's discretion on the part of Defendant,

4   undertaken for fair and honest reasons under the circumstances then existing.

5        AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

6   Defendant alleges that it exercised reasonable care to prevent and properly correct any harassing,

7   discriminatory, retaliatory or otherwise unlawful behavior, and Plaintiff unreasonably failed to take

8   advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm

9   otherwise.

10       AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

11  Defendant alleges that it conducted a reasonable investigation of any complaint by Plaintiff of

12  inappropriate conduct, assuming such complaints were made, and took all necessary and appropriate

13  action based on that investigation.

14       AS AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

15  Defendant alleges that at no time did it act purposefully, knowingly, deliberately, maliciously,

16  oppressively, intentionally, willfully, wantonly or with any bad faith.

17       AS A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

18  Defendant alleges that at no time did it authorize, consent to or ratify any knowing, malicious,

19  intentional, or willful conduct toward Plaintiff.

20       AS A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

21  Defendant alleges that Plaintiff's claims for punitive and emotional distress damages are barred by

22  the United States and California constitutions.

23       AS A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

24  Defendant alleges that the Complaint is preempted to the extent that the exclusive right and remedy for

25  the injuries Plaintiff claims to have suffered during her employment is to be found, if at all, in workers'

26  compensation proceedings and this Court is without subject matter jurisdiction as to those claims

27  covered by that exclusive right and remedy (Labor Code section 3600, *et seq.*); that Defendant has a

28  program to provide such compensation in accordance with the California Labor Code and insofar as

3.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433 1940

**DEFENDANT BROOKDALE PROVIDENT
MANAGEMENT'S ANSWER TO COMPLAINT**                    **CASE NO. CIV 471555**

1   Plaintiff's alleged injuries allegedly occurred when Plaintiff was performing services incidental to her

2   employment and where the alleged injuries were proximately caused by her employment.

3   Alternatively, to the extent that the claims are not barred by the Workers' Compensation Act, the Court

4   is nonetheless without jurisdiction to award damages for Plaintiff's industrial injuries, if any.

5          AS A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

6   Defendant alleges that Plaintiff's cause of action for tortious constructive discharge in violation of

7   public policy is repetitive and redundant.

8          AS A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

9   Defendant alleges that if Plaintiff suffered any emotional distress (and Defendant denies that

10   Plaintiff suffered any such distress), such distress was caused, in whole or in part, by a cause,

11   condition, person or entity unrelated to and/or not employed by Defendant.

12          AS A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

13   Defendant alleges that any recovery Plaintiff may be entitled to must be offset and/or reduced by the

14   proportionate amount of Plaintiff's negligence, fault, bad faith, breach of common law duties and

15   violation of statutory duties.

16          AS AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

17   Defendant alleges that any award to Plaintiff must be offset by all sums received by Plaintiff from

18   any source, including, but not limited to, unemployment insurance, private insurance, state disability

19   insurance, Social Security disability payments, workers' compensation payments, pension benefits,

20   and any sums earned by Plaintiff in other employment.

21          AS A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

22   Defendant alleges that Plaintiff failed to mitigate her damages.

23          AS A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

24   Defendant alleges that the loss incurred by Plaintiff if any, is attributable to the acts or omissions of

25   Plaintiff, including but not limited to Plaintiff's own negligence and/or intentional misconduct

26          AS A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

27   Defendant alleges that the damages alleged in the Complaint were proximately caused by or

28   contributed to by the acts, or failures to act, of persons or entities other than Defendant, and that

4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433.1940

**DEFENDANT BROOKDALE PROVIDENT
MANAGEMENT'S ANSWER TO COMPLAINT**                    **CASE NO. CIV 471555**

1  these acts or failures to act constitute an intervening and superseding cause of the damages and

2  injuries alleged in the Complaint.

3      AS A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE

4  DEFENSE, Defendant alleges that Plaintiff has failed to state facts sufficient to constitute a claim for

5  which attorneys' fees and costs may be granted.

6      AS A TWENTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE

7  DEFENSE, Defendant alleges that the Complaint fails to properly state a claim on which

8  prejudgment interest may be awarded.

9      AS A TWENTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE

10 DEFENSE, Defendant alleges that Plaintiff's claims are barred by the equitable doctrines of

11 estoppel, waiver, unclean hands and/or laches.

12     AS A TWENTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

13 Defendant alleges that Plaintiff's claims are barred, and/or her recovery of any damages is barred or

14 diminished, pursuant to the after-acquired evidence doctrine.

15     AS A TWENTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE

16 DEFENSE, Defendant alleges that some or all of Plaintiff's claims are barred because Plaintiff

17 breached her contractual obligation to submit each such claim to final and binding arbitration, and/or

18 that this Court lacks jurisdiction.

19     AS A TWENTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE

20 DEFENSE, Defendant alleges that some or all of Plaintiff's claims should have been submitted to

21 binding arbitration, with the result that some or all of Plaintiff's claims have been brought in the

22 wrong forum, with the result that the Court lacks jurisdiction.

23     AS A TWENTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE

24 DEFENSE, Defendant alleges that it had no knowledge of any prior alleged retaliatory or otherwise

25 unlawful behavior of any of its employees, agents, or representatives.

26     AS A TWENTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE

27 DEFENSE, Defendant alleges that Plaintiff failed to state facts sufficient to state a claim for which

28 punitive or exemplary damages may be awarded.

5.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANT BROOKDALE PROVIDENT
MANAGEMENT'S ANSWER TO COMPLAINT

CASE NO. CIV 471555

1           AS A THIRTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

2    Defendant alleges that Plaintiff's claims are unreasonable and/or asserted against Defendant in bad

3    faith, and are frivolous, and for that reason justify an award of attorneys' fees and costs against

4    Plaintiff pursuant to section 128.7 of the California Code of Civil Procedure and pursuant to

5    California Rules of Court.

6           AS A THIRTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

7    Defendant alleges that it did not violate any statutory duties imposed upon it by Government Code

8    section 12940, *et seq.*

9           AS A THIRTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE

10   DEFENSE, Defendant alleges that any alleged wrongful conduct by Defendant does not constitute

11   conduct in contravention of any public policy of the State of California.

12          AS A THIRTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

13   Defendant alleges that, assuming arguendo, any conduct alleged by Plaintiff occurred, such conduct

14   was not severe or pervasive so as to alter the conditions of employment and/or create a hostile work

15   environment.

16          AS A THIRTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE

17   DEFENSE, Defendant alleges that Plaintiff has failed to state a claim for which damages, including,

18   but not limited to, general, compensatory, or punitive damages, may be granted.

19          AS A THIRTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

20   Defendant alleges that it had implemented and at all relevant times maintained a *bona fide* policy

21   against unlawful discrimination, harassment and retaliation.

22          AS A THIRTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

23   Defendant alleges that because Plaintiff's complaint is couched in conclusory terms, all affirmative

24   defenses that may be applicable to the within action cannot be wholly anticipated. Accordingly, the

25   right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are

26   applicable, is reserved.

27          WHEREFORE, Defendant prays that:

28          1.    The Complaint be dismissed in its entirety with prejudice;

6.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEFENDANT BROOKDALE PROVIDENT
MANAGEMENT'S ANSWER TO COMPLAINT**

**CASE NO. CIV 471555**

2.    Plaintiff take nothing by her Complaint;

3.    Judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

4.    Defendant be awarded its costs of suit and reasonable attorneys' fees; and

5.    The Court award Defendant such other and further relief as it deems appropriate.

Dated: April 25, 2008

_____
PAUL S. COWIE
MICHELLE R. BARRETT
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
BROOKDALE PROVIDENT
MANAGEMENT LLC

Firmwide:84964880.1 051918.1000

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

7.

**DEFENDANT BROOKDALE PROVIDENT
MANAGEMENT'S ANSWER TO COMPLAINT**

**CASE NO. CIV 471555**

1

## PROOF OF SERVICE

2          I am a resident of the State of California, over the age of eighteen years, and not a

3    party to the within action. My business address is 650 California Street, 20th Floor, San Francisco,

4    California 94108.2693. On April 25, 2008, I served the within document(s):

5          **DEFENDANT BROOKDALE PROVIDENT MANAGEMENT'S**
           **ANSWER TO COMPLAINT**
6

7    ☐     by facsimile transmission at or about _____ on that date. This document
           was transmitted by using a facsimile machine that complies with California Rules
8          of Court Rule 2003(3), telephone number 415.399.8490. The transmission was
           reported as complete and without error. A copy of the transmission report, properly
9          issued by the transmitting machine, is attached. The names and facsimile numbers
           of the person(s) served are as set forth below.
10

11   ☒     by placing a true copy of the document(s) listed above for collection and mailing
           following the firm's ordinary business practice in a sealed envelope with postage
12         thereon fully prepaid for deposit in the United States mail at San Francisco,
           California addressed as set forth below.
13

14   ☐     by depositing a true copy of the same enclosed in a sealed envelope, with delivery
           fees provided for, in an overnight delivery service pick up box or office designated
           for overnight delivery, and addressed as set forth below.
15

16   ☐     by personally delivering a copy of the document(s) listed above to the person(s) at
           the address(es) set forth below.
17

18         Robert M. Lubin
           Joseph Camenzind, IV
19         177 Bovet Road, Suite 600
           San Mateo, CA 94402
20
           I am readily familiar with the firm's practice of collection and processing

21   correspondence for mailing and for shipping via overnight delivery service. Under that practice it

22   would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

23   deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

24   thereon fully prepaid in the ordinary course of business.

25         I declare under penalty of perjury under the laws of the State of California that the

26   above is true and correct. Executed on April 25, 2008, at San Francisco, California.

27                                          _Pamela Sloan_
                                            Pamela A. Sloan
28   Firmwide:85032867.1 051918.1000

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PROOF OF SERVICE

**EXHIBIT D**



**Home**                    **Complaints/Parties**    **Actions**
**Pending Hearings**        **Images**                **Case Report**

## Case CIV471555 - TAMMY MARSHALL VS BROOKDALE PROVIDENT MGT

| Move To This Date |
|---|

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| N | 08/08/2008 9:00 AM DEPT. 28 | CASE MANAGEMENT CONFERENCE | | |
| | 04/25/2008 | (S) ANSWER TO COMPLAINT OF TAMMY MARSHALL FILED BY BROOKDALE PROVIDENTMANAGEMENT,LLC, REPRESENTED BY MICHELLE R BARRETT | - | N/A |
| N | 03/27/2008 | (S) COMPLAINT FILED | - | |
| N | 03/27/2008 | CIVIL CASE COVERSHEET RECEIVED | - | |
| N | 03/27/2008 | AFFIDAVIT OF PERSONAL DELIVERY BY G JACKSON FILED | - | |
| N | 03/27/2008 | 30 DAY SUMMONS, ISSUED AND FILED. | - | |
| | 03/27/2008 | PLEADING AND PARTY INFORMATION ENTERED. | - | |

**EXHIBIT E**

1  MICHELLE R. BARRETT, Bar No. 197280
   PAUL S. COWIE, Bar No. 250131
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA 94108.2693
4  Telephone:   415.433.1940
   Fax No.:     415.399.8490
5
   Attorneys for Defendant
6  BROOKDALE PROVIDENT MANAGEMENT LLC

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN MATEO

10

11 TAMMY MARSHALL,                    Case No.  CIV 471555

12             Plaintiff,             **NOTICE TO STATE COURT, PLAINTIFF
                                      AND COUNSEL OF REMOVAL OF CIVIL
13        v.                          ACTION TO FEDERAL COURT UNDER
                                      28 U.S.C. §§ 1332, 1441 AND 1446
14 BROOKDALE PROVIDENT                (DIVERSITY)**
   MANAGEMENT, LLC. and DOES 1
15 through 25, inclusive,             Complaint Filed:  March 27, 2008

16             Defendants.

17

18 TO THE CLERK OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
   AND TO THE PLAINTIFF AND HER ATTORNEY OF RECORD:
19

20         PLEASE   TAKE   NOTICE   that   Defendant   BROOKDALE   PROVIDENT

21 MANAGEMENT, LLC has, on April 28, 2008, filed a Notice of Removal in the office of the Clerk

22 of the United States District Court in and for the Northern District of California.  A true and correct

23 copy of said Notice of Removal and accompanying exhibits are attached hereto and incorporated

24 herein by reference as Exhibit 1.

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE TO STATE COURT, PLAINTIFF AND
COUNSEL OF REMOVAL OF ACTION                    **CASE NO. CIV 471555**

1    PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of

2    said Notice of Removal of Civil Action with the United States District Court, together with the filing

3    of said Notice of Removal of Civil Action with this Court, effects the removal of this action and this

4    Court may proceed no further unless and until the case is remanded.

5

6    Dated: April 28, 2008

7                                    _____
     MICHELLE R. BARRETT
8    PAUL S. COWIE
     LITTLER MENDELSON
9    A Professional Corporation
     Attorneys for Defendant
10   BROOKDALE PROVIDENT
     MANAGEMENT LLC

11

     Firmwide:85005957.1 051918.1024
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

**NOTICE TO STATE COURT, PLAINTIFF AND**
**COUNSEL OF REMOVAL OF ACTION**                    **CASE NO. CIV 471555**

1

## PROOF OF SERVICE

2          I am a resident of the State of California, over the age of eighteen years, and not a

3   party to the within action. My business address is 650 California Street, 20th Floor, San Francisco,

4   California 94108.2693. On April 28, 2008, I served the within document(s):

5          **NOTICE TO STATE COURT, PLAINTIFF AND COUNSEL OF
           REMOVAL OF CIVIL ACTION TO FEDERAL COURT**
6          **UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY)**

7    ☐     by facsimile transmission at or about _____ on that date. This document
           was transmitted by using a facsimile machine that complies with California Rules
8          of Court Rule 2003(3), telephone number 415.399.8490. The transmission was
9          reported as complete and without error. A copy of the transmission report, properly
           issued by the transmitting machine, is attached. The names and facsimile numbers
10         of the person(s) served are as set forth below.

11   ☐     by placing a true copy of the document(s) listed above for collection and mailing
           following the firm's ordinary business practice in a sealed envelope with postage
12         thereon fully prepaid for deposit in the United States mail at San Francisco,
13         California addressed as set forth below.

14   ☒     by depositing a true copy of the same enclosed in a sealed envelope, with delivery
           fees provided for, in an overnight delivery service pick up box or office designated
15         for overnight delivery, and addressed as set forth below.

16   ☐     by personally delivering a copy of the document(s) listed above to the person(s) at
           the address(es) set forth below.
17

18         Robert M. Lubin
           Joseph Camenzind, IV
19         177 Bovet Road, Suite 600
           San Mateo, CA 94402
20

21         I am readily familiar with the firm's practice of collection and processing

22   correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

23   would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

24   deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

25   thereon fully prepaid in the ordinary course of business.

26         I declare under penalty of perjury under the laws of the State of California that the

27   above is true and correct. Executed on April 28, 2008, at San Francisco, California.

28                                          _Pamela Sloan_
                                            Pamela A. Sloan

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

๛JS 44   (Rev. 12/07) (cand rev 1-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Marshall, Tammy | Brookdale Provident Management LLC |

| (b) County of Residence of First Listed Plaintiff  San Mateo | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

*E-filing*

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Robert M. Lubin (055863); Joseph Camenzind IV (244154) | Michelle R. Barrett (197280); Paul S. Cowie (250131) |
| Law Offices of Robert Lubin | Littler Mendelson, A Professional Corporation |
| 177 Bovet Road, Suite 600, San Mateo, CA  94402 | 650 California St., 20th Flr, San Francisco, CA  94108.2693 |
| Telephone: 650.638.2331 | Telephone: 415.433.1940 |

## II.  BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities— Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V.  ORIGIN (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

| VI.  CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. §§ 1332, 1441, 1446 |
|---|---|
| | Brief description of cause: Retaliation; Sexual Harassment; Failure to Prevent Discrimination/Harassment; Constructive Discharge |

| VII.  REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". |
|---|---|

| IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY) | ☒ SAN FRANCISCO/OAKLAND | ☐ SAN JOSE |
|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD | |
|---|---|---|
| April 28, 2008 | *P.S. Cowie* | Paul S. Cowie |

American LegalNet, Inc.
www.FormsWorkflow.com