LAW OFFICES OF ROBERT LUBIN
ROBERT M. LUBIN, ESQ. (055863)
177 Bovet Road, Suite 600
San Mateo CA 94402
Telephone:  650.638-2331
Facsimile:   650.638-1005

Attorney for Plaintiff TAMMY MARSHALL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY MARSHALL,<br><br>Plaintiff,<br><br>vs.<br><br>BROOKDALE PROVIDENT MANAGEMENT, LLC. and DOES 1 through 25, inclusive<br><br>Defendants. | CASE NO. 3:08-CV-2172<br><br>**NOTICE OF MOTION TO REMAND MATTER TO STATE COURT AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:   July 10, 2008<br>Time:           2:00 p.m.<br>Honorable:      Claudia Wilken |

NOTICE IS HEREBY GIVEN that on July 10, 2008 at 2:00 p.m. or as soon thereafter as counsel may be heard by the above entitled court, located at 1301 Clay Street, Oakland CA 94612, in court room 2 on the 4th floor, before the Honorable Claudia Wilken, Plaintiff TAMMY MARSHALL will and hereby does move the court for an order remanding this matter back to the Superior Court of California for the County of San Mateo.

MARSHALL v. BROOKDALE
NOTICE OF MOTION TO REMAND MATTER TO STATE COURT AND MEMORANDUM OF POINTS AND AUTHORITIES

This motion is made on the grounds Defendant BROOKDALE PROVIDENT MANAGEMENT, LLC. has failed to properly allege and demonstrate its citizenship, as a Limited Liability Company is required to demonstrate the state citizenship of all its members. This motion is made pursuant to 28 USC §1447( c) and is supported by the memorandum of points and authorities, and the Declaration of Robert M. Lubin.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff TAMMY MARSHALL seeks an order remanding this matter back to the Superior Court of California for San Mateo County, because the Defendant BROOKDALE PROVIDENT MANAGEMENT, LLC. ("BROOKDALE") did not properly allege and demonstrate its states of citizenship in its Notice of Removal. As BROOKDALE is a Limited Liability Company, it was required to list and establish the citizenship of all of its members, which it failed to do so. As such, removal was improper.

### II.

### STATEMENT OF FACTS

Plaintiff MARSHALL filed the complaint against BROOKDALE on March 27, 2008 in the Superior Court of California for the County of San Mateo, Case No. CIV471555. BROOKDALE was served with the complaint on March 31, 2008. (Lubin Decl., ¶3, Exhibit A) BROOKDALE answered on April 25, 2008, and filed its Notice of Removal on April 28, 2008. (Lubin Decl., ¶4, Exhibit B) In Paragraph 15 of the Notice To Federal Court of Removal

MARSHALL v. BROOKDALE
NOTICE OF MOTION TO REMAND MATTER TO STATE COURT AND MEMORANDUM OF POINTS AND AUTHORITIES

BROOKDALE alleged, for purposes of diversity jurisdiction that it was a citizen of Delaware and Wisconsin, *"Defendant was at the time the action was filed and remains now a citizen of Delaware and Wisconsin, being a corporation formed under the laws of Delaware and having its principal place of business in Wisconsin."* (Lubin Decl., ¶4, Exhibit B) BROOKDALE, which is a Limited Liability Company, used the corporation citizenship test, not the test for limited liability companies.

### III.

### LEGAL ARGUMENT

Removal statutes are construed restrictively so as to limit removal jurisdiction. Thus doubts as to removability are to be resolved in favor remanding cases to state court. Shamrock Oil & Gas Corp., v. Sheets, 313 US 100, 108-109 (1941); Gus v. Miles, Inc. 980 F2d 564, 566 (9th Cir. 1992)("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper). This is so because if there is no diversity jurisdiction any federal court decision will have to be set aside, while state courts have general jurisdiction. As such it is essential for Plaintiff's to verify the existence of federal removal jurisdiction, because lack of removal jurisdiction can be raised at any time. See, Valdez v. Allstate Ins., Co. 372 F.3d 1115, 1116 (9th Cir. 2004), see Also, Rutter Group California Practice Fed. Civ. Proc. Before Trial Chapter 2D-4:660.

For purposes of diversity jurisdiction a Limited Liability Company ("LLC") is a citizen of every state for which a member is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C. 374 F.3d 1020, 1022 (11th Cir., 2004); Johnson v. Columbia Properties

---

MARSHALL v. BROOKDALE
NOTICE OF MOTION TO REMAND MATTER TO STATE COURT AND MEMORANDUM OF POINTS AND AUTHORITIES

- 3 -

Anchorage, LP, 437 F.3d 894, 899 (9th Cir., 2006). A party seeking removal to federal court bears the burden of establishing the citizenship of all its members. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C. 374 F.3d 1020, 1022 (11th Cir., 2004). In Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., supra, the case was removed to federal court, tried, and appealed on grounds unrelated to diversity of citizenship. The 11th Circuit, on its own, found the Notice of Removal was defective as the removing party Defendant Comcast failed to list the citizenship its members, and remanded to the district court on those grounds. Id., at 1022. (See also, Barrow Development Company, Inc. v. Fulton Insurance Company, 418 F.2d. 316, 317 (9th Cir., 1969) in regards to a corporation a direct allegation of citizenship does not satisfy the requirements as the Notice should must properly disclose the state of incorporation and location of the corporations principal place of business.).

    Here in Paragraph 15 of the Notice To Federal Court of Removal BOOKDALE discloses the citizenship requirements for a corporation, not a LLC. As such, this Notice of Removal is defective on its face.

    As BROOKDALE has failed to properly establish diversity, as required by Johnson v. Columbia Properties Anchorage, LP, supra, and Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., supra, this matter should be remanded back to state court.

    Moreover, BROOKDALE should not be permitted to amend their Notice of Removal as the thirty day time limit to remove has expired. 28 USC §1446(b). BROOKDALE may cite to Barrow Development Company, Inc. v. Fulton Insurance Company, supra, and other cases that have held a Notice of Removal can be amended after the 30 day time limitation required by

§1446(b). However, there is a distinction between those cases and this case. In <u>Barrow Development Company, Inc. v. Fulton Insurance Company,</u> <u>supra</u> the party opposing removal did not file a motion to remand within 30 days of the Notice of Removal, as required by §1447(c), and the issue was raised on appeal after a final judgment had been entered. The court in <u>Barnhill v. Insurance Company of North America</u>, 130 F.R.D. 46 (U.S. Dist. Court South Carolina, 1990), found this to be significant when it ruled a removing parties failure to specifically state which state it was incorporated and where its principal place of business and failure to file a motion to amend within 30 days after being served with the Complaint warranted remand to the state court. For these reasons, and because of the strong presumption against removal, this matter should be remanded back to the Superior Court of California, San Mateo County.

## IV.

## CONCLUSION

Based on the foregoing reasons it is respectfully requested that this remand this matter back to the Superior Court of California, San Mateo County.

Dated: May 14, 2008            LAW OFFICES OF ROBERT M. LUBIN

By: _____
Robert M. Lubin, Attorney for
Plaintiff TAMMY MARSHALL.