LAW OFFICES OF ROBERT LUBIN
ROBERT M. LUBIN, ESQ. (055863)
177 Bovet Road, Suite 600
San Mateo CA 94402
Telephone: 650.638-2331
Facsimile: 650.638-1005

Attorney for Plaintiff TAMMY MARSHALL

FILED
MAY 2 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY MARSHALL )<br><br>Plaintiff, )<br><br>vs. )<br><br>BROOKDALE PROVIDENT )<br>MANAGEMENT, LLC. and DOES 1 )<br>through 25, inclusive )<br><br>Defendants. ) | CASE NO. 3:08-CV-2172-CW<br><br>**DECLARATION OF ROBERT LUBIN IN SUPPORT OF MOTION TO REMAND MATTER TO STATE COURT**<br><br>Hearing Date:  July 10, 2008<br>Time:  2:00 p.m.<br>Honorable:  Claudia Wilken |

I, ROBERT M. LUBIN, declare:

1.  I am an attorney duly licensed by the State of California to practice before all the Courts of this State, and am the attorney of record for Plaintiff TAMMY MARSHALL. All of the facts stated herein are known by me to be true of my personal knowledge, save as to any facts stated to be made upon information and belief, and as to all such matters, I believe them to be true. If

MARSHALL v. BROOKDALE
DECLARATION OF ROBERT LUBIN IN SUPPORT OF MOTION TO REMAND MATTER TO STATE COURT

called as a witness, I could and would competently testify to the matters stated herein. I make this Declaration in support of our motion for an order remanding this matter to the Superior Court oof California, for the County of San Mateo.

3. On March 27, 2008 I filed the complaint on Ms. MARSHALL's behalf in the Superior Court of California for the County of San Mateo, Case No. CIV471555. We served Defendant BROOKDALE PROVIDENT MANAGEMENT LLC on March 31, 2008. Attached hereto and marked as Exhibit A, is a true and correct copy of the Proof of Service.

4. On April 25, 2008 BROOKDALE filed an Answer in the Superior Court, and on April 28, 2008 BROOKDALE filed its Notice of Removal. Attached hereto as Exhibit B is a true and correct copy of BROOKDALE's Notice of Removal, without the exhibits.

I declare under penalty of perjury and the laws of the State of California that the forgoing is true and correct and that this Declaration was executed on this 14th day of May 2008 at San Mateo, California.

ROBERT M. LUBIN

MARSHALL v. BROOKDALE
DECLARATION OF ROBERT LUBIN IN SUPPORT OF MOTION TO REMAND MATTER TO STATE COURT

# EXHIBIT A

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert M. Lubin, Esq. (055863)<br>LAW OFFICES OF ROBERT M. LUBIN<br>177 Bovet Road, Suite 600<br>San Mateo, CA 94402<br>TELEPHONE NO.: 650-638-2331   FAX NO. *(Optional):* 650-638-1005<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

PLAINTIFF/PETITIONER: TAMMY MARSHALL

DEFENDANT/RESPONDENT: BROOKDALE, et al.

CASE NUMBER: CIV 471555

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* NOTICE OF CASE MANAGEMENT CONFERENCE.

3. a. Party served *(specify name of party as shown on documents served):*
      BROOKDALE PROVIDENT MANAGEMENT, LLC

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Linda Walker, Executive Director/authorized to accept

4. Address where the party was served:
   485 Woodside Rd., Redwood City, CA 94061

5. I served the party *(check proper box)*
   a. [✓] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 3-31-08   (2) at *(time):* 12:45PM
   b. [ ] by substituted service. On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: TAMMY MARSHALL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BROOKDALE, et al. | CIV 471555 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date)*:                    (2) from *(city)*:

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a. ☐ as an individual defendant.
    b. ☐ as the person sued under the fictitious name of *(specify)*:
    c. ☐ as occupant.
    d. ☑ On behalf of *(specify)*: BROOKDALE PROVIDENT MANAGEMENT, LLC
       under the following Code of Civil Procedure section:
       
       ☑ 416.10 (corporation)               ☐ 415.95 (business organization, form unknown)
       ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
       ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
       ☐ 416.40 (association or partnership)  ☐ 416.90 (authorized person)
       ☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                                            ☐ other:

7.  **Person who served papers**
    a. Name: George W. Perry, RPS
    b. Address: Rock Solid Legal Services, P.O. Box 752, Half Moon Bay, CA 94019
    c. Telephone number: 415-310-2111
    d. The fee for service was: $ 59.00
    e. I am:
       (1) ☐ not a registered California process server.
       (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
       (3) ☑ a registered California process server:
           (i) ☑ owner   ☐ employee   ☐ independent contractor.
           (ii) Registration No.: 159
           (iii) County: San Francisco

8.  ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 4-17-08

George W. Perry, RPS
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)       ▶       (SIGNATURE)

# EXHIBIT B

1  MICHELLE R. BARRETT, Bar No. 197280
   PAUL S. COWIE, Bar No. 250131
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA  94108.2693
4  Telephone:   415.433.1940
   Facsimile:    415.399.8490
5  Email:         mbarrett@littler.com
   Email:         pcowie@littler.com
6
   Attorneys for Defendants
7  BROOKDALE PROVIDENT MANAGEMENT,
   LLC
8

ORIGINAL FILED
APR 28 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| TAMMY MARSHALL, | Case No. |
|---|---|
| Plaintiff, | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT (DIVERSITY)** |
| v. | |
| BROOKDALE PROVIDENT MANAGEMENT, LLC, and DOES 1-25, inclusive, | 28 U.S.C. §§ 1332, 1441, 1446 |
| | San Mateo County Superior Court Case No. CIV 471555 |
| Defendants. | |

**NOTICE TO FEDERAL COURT OF REMOVAL**

CASE NO.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF TAMMY MARSHALL AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant BROOKDALE PROVIDENT MANAGEMENT, LLC ("Brookdale" or "Defendant") hereby removes the above-titled action from the Superior Court of the State of California for the County of San Mateo to the United States District Court, pursuant to 28 U.S.C. §§ 1441 and 1446.

## I.    JURISDICTION AND VENUE

1.    This action is a civil action over which this Court has original jurisdiction based upon the complete diversity of citizenship of the parties pursuant to section 1332(a) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a) and 1446, in that this Court is the court for the district and division embracing the place where the action is pending in state court.

## II.   STATUS OF THE PLEADINGS

3.    On March 27, 2008, Plaintiff Tammy Marshall ("Plaintiff") commenced this action by filing a Summons, Civil Cover Sheet, Affidavit of Personal Delivery of Deputy Court Clerk and a Complaint in the Superior Court of the State of California, County of San Mateo, entitled *Tammy Marshall, Plaintiff v. Brookdale Provident Management, LLC, and Does 1 through 25, inclusive, Defendants*, designated Superior Court Case No. CIV471555 ("Complaint"). True and correct copies of the Civil Action Sheet, Summons, Affidavit of Personal Delivery of Deputy Court Clerk and Complaint are attached hereto as Exhibit A. The Complaint alleged the following causes of action: (1) Retaliation – Government Code § 12940; (2) Sexual Harassment – Government Code § 12940(j); (3) Failure to Prevent Discrimination and Harassment – Government Code § 12940(k); and (4) Tortious Constructive Discharge In Violation Of Public Policy.

4.    On March 27, 2008, the Court issued a Notice of Case Management Conference and Order, a copy of which is attached as Exhibit B.

NOTICE TO FEDERAL COURT OF REMOVAL    1.    CASE NO.

5. On April 25, 2008, Defendant Brookdale filed an answer to Plaintiff's Complaint with the Superior Court, a copy of which is attached as Exhibit C.

6. A true and correct copy of the San Mateo Superior Court's Register of Actions for the case is attached hereto as Exhibit D.

7. Defendant Brookdale is informed and believes that personal service on Defendant Brookdale was completed on March 31, 2008.

8. Defendant Brookdale is informed and believes, and on that basis asserts, that as of the date of this Notice of Removal, no other individual or entity has been served with the Complaint.

9. This Notice to Federal Court of Removal of Civil Action from State Court is timely filed pursuant to 28 U.S.C. § 1446(b) because Defendant has filed this Notice within 30 days after Defendant Brookdale was served with the Complaint and within one year after commencement of this action.

10. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal to Federal Court shall be filed contemporaneously with the Clerk of the Court for the Superior Court of the County of San Mateo California and a copy shall be served on Plaintiff's counsel of record. A copy of said Notice and Proof of Service is attached hereto as Exhibit E.

11. No further proceedings have been conducted in this case in the Superior Court of San Mateo.

### III. DEFENDANTS

12. The only named defendant to this action is Brookdale.

### IV. DOE DEFENDANTS

13. Defendant is informed and believes that none of the Doe Defendants in this case have been identified or served. Doe Defendants designated 1 to 25 are fictitious, are not parties to this action, have not been served, and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441(a). For this reason, the Doe Defendants need not be joined in this removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988) (general rule that all defendants in a state action must join in removal applies only to defendants served in the action);

NOTICE TO FEDERAL COURT OF REMOVAL                    2.                            CASE NO.

*Republic Western Ins. v. International Ins.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("The law of this circuit [] is that defendants upon whom service has not been effected at the time the notice is filed, need not join in the notice of removal").

## V. DIVERSITY OF CITIZENSHIP

14. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) based on the existence of diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000.

15. The parties to this action have complete diversity of citizenship in that Defendant was at the time the action was filed and remains now a citizen of Delaware and Wisconsin, being a corporation formed under the laws of Delaware and having its principal place of business in Wisconsin.[1] 28 U.S.C. § 1332(c)(1). Defendant is informed and believes and on that basis alleges that Plaintiff was at the time of filing this action, and is now at the time of this removal, a citizen of California.[2]

16. Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal. *See Strawbridge v. Curtiss*, 7 U.S. (3 Branch) 267 (1806); *see also United Food Local 919 v. Centermarie Properties*, 30 F.2d 298, 301 (2nd Cir. 1994). For purposes of removal, the citizenship of Doe Defendants are disregarded and only named defendants are considered. 28 U.S.C. § 1441(a); *see Newcombe v. Adolf Coors Co.*, 157 F.3d 690 (9th Cir. 1998).

17. Complete diversity of citizenship exists by and between the parties because Plaintiff and Defendant are citizens of different states. Complete diversity between Plaintiff and Defendant existed both at the time the action was filed and exists now at the time of this removal. Consequently, this matter may properly be removed to this Court.

---

[1] Defendant has its corporate headquarters in Milwaukee, Wisconsin and that is where its corporate officers are located.
[2] Plaintiff has pleaded that she resides in the County of San Mateo, California (Complaint ¶1). However, Defendant has received information to suggest that Plaintiff is actually a citizen of New York and was at the time this action was commenced. Regardless, diversity between the parties exists.

## VI. AMOUNT IN CONTROVERSY

18. It is clear on the face of the Complaint that the amount in controversy exceeds this Court's jurisdictional minimum of $75,000.[3] To establish this, Defendant need only show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996) (amended 102 F.3d 398, 404).

19. Plaintiff has pleaded four separate causes of action and has alleged damages including: "loss of salary, benefits, and additional amounts of money" (Complaint ¶ 27, p. 9:19-20; ¶ 34, p. 11:2-3; ¶ 40, p. 12:5-6; and ¶ 47, p. 13:8-9). Plaintiff's last salary was approximately $102,000 per annum and it is now eight months since her employment ended. It will undoubtedly be over one year from when Plaintiff's employment ended until the trial in this matter. Therefore, based on past loss of earnings alone the amount in controversy exceeds $75,000. In addition, Plaintiff claims lost past and future benefits, future loss of wages. These alleged damages easily meet the jurisdictional minimum.

20. Plaintiff has also alleged that she has suffered "humiliation, anguish, and emotional and physical distress." (*See* Complaint ¶ 28, p. 9:24-25; ¶ 35, p. 11:8-9; ¶ 41, p. 12:10-11; and ¶ 48, p. 13:13-14). In addition, Plaintiff asserted that she "developed extreme anxiety" (Complaint ¶ 13, p. 5:26), was "hospitalized" (Complaint ¶ 21, p. 8:8) and "placed on antidepressants" (Complaint ¶ 21, p. 8:9). Awards for emotional distress, particularly where the symptoms are alleged to be "extreme", medication was prescribed and that hospitalization resulted, may well exceed $75,000. Therefore, again, on this basis alone, the amount of damages claimed by Plaintiff is more probable than not to exceed the jurisdictional minimum.

21. Further, Plaintiff has asserted claims to punitive damages with respect to all of her claims for damages (Complaint ¶¶ 29, 36, 42 and 49). Although Defendant denies that it could or should be liable for punitive damages, for purposes of assessing whether the amount in

---

[3] See *White v. FCI USA, Inc.*, 319 F.3d 672 at 675 (2003) - lengthy list of compensatory and punitive damages including loss of pay, fringe benefits, impaired earning capacity, harm to credit, emotional distress, combined with a claim for attorney fees sufficient to meet burden that it was more likely than not that amount in controversy would exceed jurisdictional minimum.

1  controversy element has been satisfied in order to invoke diversity jurisdiction, the Ninth Circuit Court of Appeals has specifically held that such damages claimed by Plaintiff are properly included in computing the jurisdictional amount. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Punitive damages on any one of Plaintiff's claims could meet the jurisdictional requirement. *See White v. FCI USA, Inc.*, 319 F.3d 672 at 675 (punitive damages alone was more likely than not to exceed the jurisdictional amount).

22. Further, Plaintiff also seeks an award of her attorney's fees with respect to her claims, which should also be considered when calculating the amount in controversy. *Goldberg v. C.P.C. Int'l, Inc.*, 678 F. 2d 1365, 1367 (9th Cir. 1982) (attorneys' fees included in considering jurisdictional amount). Representation of Plaintiff through trial would almost certainly exceed the $75,000 threshold.

23. Thus, the preponderance of the evidence demonstrates an amount in controversy clearly in excess of $75,000.

## VII. CONCLUSION

24. Defendant, having shown that diversity exists and that the amount in controversy exceeds the jurisdiction minimal, is entitled to remove this matter to this Court.

25. Pursuant to 28 U.S.C. § 1441(a), Defendant removes this case from the Superior Court of the State of California in and for the County of San Mateo to this Court.

Dated: April 28, 2008

_____
MICHELLE R. BARRETT
PAUL S. COWIE
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
BROOKDALE PROVIDENT
MANAGEMENT, LLC

Firmwide:84993030.1 051918.1024

NOTICE TO FEDERAL COURT OF REMOVAL     5.     CASE NO.