MICHELLE R. BARRETT, Bar No. 197280
PAUL S. COWIE, Bar No. 250131
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:   415.433.1940
Facsimile:    415.399.8490
Email:          mbarrett@littler.com
Email:          pcowie@littler.com

Attorneys for Defendant
BROOKDALE PROVIDENT MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY MARSHALL<br><br>            Plaintiff,<br><br>    v.<br><br>BROOKDALE PROVIDENT MANAGEMENT, LLC., and DOES 1-25, inclusive,<br><br>            Defendants. | Case No.  C 08-02172 CW<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Hearing Date:   July 10, 2008<br>Time:                 2:00 p.m.<br>Judge:               Hon. Claudia Wilken<br><br>Complaint Filed:  March 27, 2008 (San Mateo County Superior Court) |

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S OPP TO PLTF'S MOTION TO REMAND

CASE NO. C 08-02172 CW

## I. PRELIMINARY STATEMENT

Defendant Brookdale Provident Management LLC ("Brookdale") opposes Plaintiff Tammy Marshall's motion to remand on the grounds that any defect in the original removal petition can easily be cured by amendment. Diversity jurisdiction exists and is not challenged. Therefore, this Court retains jurisdiction for this matter and remand should be refused.

## II. STATEMENT OF FACTS

Plaintiff filed her Complaint against Brookdale on March 27, 2008 in the Superior Court of California, County of San Mateo. Brookdale filed its Answer to Plaintiff's Complaint on April 25, 2008 and removed the action to this Court on April 28, 2008 on the grounds of diversity. Plaintiff has now filed her Motion to Remand based on the alleged technicality that Brookdale did not list the citizenship of all of its members. Brookdale opposes Plaintiff's Motion on the basis that diversity exists, and has always existed between the parties to this action. As such, any procedural defect is only as to form and not substance.[1]

Brookdale filed its removal on the grounds of complete diversity of citizenship between the parties, in that Plaintiff was and is a citizen of California[2] and Brookdale was at the relevant times a citizen of Delaware and Illinois. The sole member of Brookdale is and was Brookdale Living Communities Inc. (as identified in Brookdale's disclosure statement), which is a corporation formed under the laws of Delaware. At the time the Complaint was filed, and at the time of removal, Brookdale Living Communities Inc. had its principal place of business in Chicago, Illinois.[3] The principal place of business of both Brookdale Living Communities Inc. and Brookdale is now 111 Westwood Place, Suite 200, Brentwood, Tennessee 37027.[4] At the time of the removal, the business of Brookdale was conducted out of Wisconsin, as stated in the original removal papers.

---

[1] Indeed, all of Brookdale's members were listed in Brookdale's Disclosure Statement filed with this Court at the same time that Brookdale filed its Notice of Removal.

[2] Further discovery may prove that Plaintiff was and is a citizen of New York. See Brookdale's Notice of Removal footnote 2.

[3] The registered office for both Brookdale and Brookdale Living Communities Inc. was, at the time the Complaint was filed and at the time of removal, and remains now, 330 North Wabash, Suite 1400, Chicago, Illinois 60611.

[4] Brookdale Living Communities Inc. is a shell corporation and its principal place of business was in transition at the time of the removal. The change to the principal place of business was effective from May 8, 2008 after a change in its corporate officers. Similarly, Brookdale's principal place of business has also now changed.

DEF'S OPP TO PLTF'S MOTION TO REMAND    1.    CASE NO. C 08-02172 CW

### III. ANALYSIS

#### A. Diversity Jurisdiction Is Undisputed.

When a party removes a case from state to federal court based upon diveristy, the issue for the Court to decide is whether diversity of citizenship existed between the parties both at the time the complaint was filed and at the time of the removal. See *Kacludis v. GTE Sprint Communications Corp.* 806 F. Supp 866, 869 (N.D. Cal. 1992). Brookdale has pleaded that diversity existed at all material times and does now, by way of this opposition, clarify its citizenship to confirm that diversity existed at the time the Complaint was filed and at the time of the Notice of Removal. Plaintiff does not dispute that diversity exists. Therefore, the removal was proper and remand should be denied.

In this case, Plaintiff does not argue that diversity does not exist. Rather, Plaintiff argues solely that Brookdale did not state the test for citizenship of a limited liability company ("LLC") in its removal papers. However, in the instant circumstances the outcome is not affected by the test that is applied: the parties have <u>complete</u> diversity of citizenship. Brookdale, as an LLC, is a citizen of all of the states of its members. As stated in Brookdale's Disclosure Statement filed with this Court in support of its Notice of Removal, Brookdale's sole member is Brookdale Living Communities Inc.[5] As noted above, Brookdale Living Communities Inc. is a corporation formed under the laws of Delaware and at the relevant times had its principal place of business in Illinois, being the location of its corporate headquarters, including where its corporate officers were located. Therefore, Brookdale's citizenship was Delaware (as stated in the removal papers) and Illinois.

Brookdale was a citizen of Delaware and Illinois, and is now a citizen of Delaware and Tennessee. Plaintiff was and is a citizen of California. Complete diversity existed at the time the action was filed and at the time of removal because neither party was a citizen of the same state at any material time.

---

[5] The Disclosure statement stated that Brookdale was a wholly owned subsidiary of Brookdale Living Communities Inc.

### B. Defects As To Form Are Curable.

In California, it is well-established that defects as to the form of a pleading may be cured by amendment. In *Kacludis v. GTE Sprint Communications Corp.*, 806 F. Supp. 866, 869 (N.D. Cal. 1992), this Court held that:

> In this circuit, as in every other court that has dealt with this question elsewhere, defects in form of a removal petition are amendable at any time, not just within the original 30-day period for removal....This is particularly true where, as here, the requisite jurisdictional allegations are not omitted entirely, but rather are merely defective in form. This rule is in accord with the governing statute, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial *or appellate* courts." 28 U.S.C. § 1653. Clearly, a rule that allows amendment at the appellate level must contemplate amendment more than thirty days after removal.

In *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 808-09 (N.D. Cal. 1998), the plaintiff raised arguments in a motion to remand that are akin to the arguments made by Plaintiff in this case. Specifically, the *Good* plaintiff claimed that a failure to allege the citizenship of the parties at the time the complaint was filed was "fatally defective" and required remand to state court. Plaintiff in that case did not argue that diversity did not in fact exist or that there was any prejudice. In response, this Court found that plaintiff's argument was "disingenuous" and refused to remand the case to state court. Because the arguments raised by Plaintiff in this case are similar to those raised in *Good*, Plaintiff's Motion to Remand should be dismissed.

Here, Brookdale certainly alleged the citizenship of the parties in its notice of removal, including identifying its sole member in the accompanying papers. Any defect as to Brookdale's pleading is undoubtedly as to form only, as in *Kacludis* and *Good*, and amendment should be permitted. In fact, courts in other jurisdictions have similarly permitted amendment in such circumstances. See *Harmon v. OKI Systems*, 902 F. Supp. 176, 179 (S.D. Ind. 1995) (defendant can rely on post-removal evidence to support diversity); *Riehl v. National Mut. Ins. Co.*, 374 F.2d 739, 742 (7th Cir. 1967) ("[t]o permit this minor irregularity to defeat the District Court's jurisdiction would be to elevate form over substance"); *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 654 (7th Cir. 1998) (amendment allowed despite complete failure to address citizenship of two other defendants—amendment permitted on motion to amend); *Tech Hills II Associates v. Phoenix*

*Home Life Mut. Ins. Co.,* 5 F.3d 963, 969 (6th Cir. 1993) (alleged notice of removal defective because it did not list citizenship of individual partners—the court allowed defendant to cure defect where diversity jurisdiction did in fact exist "...amendments should be permitted, to implement the spirit of the statute and rules cited herein, where the jurisdictional facts do indeed exist, and the parties are in law entitled to invoke the jurisdiction of the federal court").

These principles are also discussed at length in *Gafford v. General Elec. Co.,* 997 F.2d 150 (6th Cir. 1993) where defendant did not state its principal place of business. In that case, the court held that technical deficiencies can be cured even after 30 days: "Better, if the jurisdiction in fact exists, to permit the petition for removal to be amended to reflect it." *Id.* at 164. Moreover, *Gafford* makes clear that a procedural defect, such as that alleged by Plaintiff in the instant case, can be cured by the provision of subsequent information to the court. "If and to the extent that GE's petition for removal was technically deficient in its assertion of its principal place of business, it was cured by subsequent information GE supplied to the district court and entered into the record of this case." *Id.*

Further, this decision represents a shift toward modern pleading standards, with the court specifically stating:

> Virtually all of the commentators and the great weight of judicial authority favor the rule adopted by this decision. Indeed, the strict view reflected by the earlier cases hereinabove cited has been expressly criticized.
>
> For the above reasons, the court holds that a petition for removal may be amended under the same considerations governing the amendment of any other pleading containing jurisdictional allegations. *Id.*

*See also Giangola v. Walt Disney World Co.,* 753 F. Supp. 148, 153 n.5 (D.N.J. 1990) ("The information submitted after the issue of the removal's propriety was raised constitutes an amendment of the petition....even after the thirty day limit to file a new petition had expired."); *cf.* 28 U.S.C. § 1653 (1988) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Barrow Dev. Co. v. Fulton Ins. Co.,* 418 F.2d 316, 317-18 (9th Cir. 1969); *Hendrix v. New Amsterdam Casualty Co.,* 390 F.2d 299, 300-02 (10th Cir. 1968); *Jackson v. Metropolitan Life Ins. Co.,* 433 F. Supp. 707, 709 (E.D. Ky. 1977).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S OPP TO PLTF'S MOTION TO REMAND    4.    CASE NO. C 08-02172 CW

In *Gafford*, *Tech Hills*, and the present case before this Court, diversity jurisdiction was alleged in the original removal petition, diversity in fact existed at the time of the original petition, and the defendant provided additional allegations regarding the diversity of the parties. As in *Gafford* and *Tech Hills*, the Court should grant Brookdale leave to amend its Notice of Removal. This is particularly so when the alleged defect had no substantive effect.[6]

### C. Amendment of The Removal Notice Is Permitted.

28 U.S.C. 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." This provision has been held to apply to notices of removal, just as to other pleadings, with the result that where there is merely a defect as to form, as opposed to substance, an amendment should be permitted.[7] Here, there was no omission of an allegation, but only a defect as to form, if at all. The pleading correctly stated the fact that complete diversity existed both at the time the Complaint was filed and at the time of the removal. The only issue was that the principal place of business of the shell company that was Brookdale's sole member was not directly stated in the Notice of Removal, but rather it was stated in the Disclosure Statement, which was filed with the Court at the same time as the Notice of Removal.[8] Contrary to Plaintiff's assertion, section 1653 is applicable after the 30-day period for removal. First, this must be correct because to hold otherwise would mean that section 1653 had no application to removal petitions: within the 30-day period a defendant has a right to remove and if a defect needed to be corrected within that period defendant could simply file a new notice of removal. Second, the case law is clear that amendment to the notice of removal is permitted after the 30-day period. *See, e.g., Kacludis*, 806 F. Supp 866, 869 (N.D. Cal. 1992); *Good*, 5 F. Supp. 2d 804, 808-09 (N.D. Cal. 1998); *Harmon*, 902 F. Supp. 176, 179 (S.D. Ind. 1995); *Riehl*, 374 F.2d 739, 742 (7th Cir. 1967); *McMahon*, 150 F.3d 651, 654 (7th Cir. 1998); *Tech Hills*, 5 F.3d 963, 969 (6th Cir. 1993); *Gafford*,

---

[6] In any event, the Court has discretion to retain a case where, as here, there are mere procedural defects and complete diversity exists. *Sherman v. Sigma Alpha Mu Fraternity*, 128 F. Supp. 2d 842, 847 (D. Md., 2001).
[7] Section 1653 applies to notices of removal. *See Barrow Development Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317; *Gafford v. General Elec. Co.*, 997 F.2d 150; and *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651.
[8] The state of incorporation was correctly stated.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S OPP TO PLTF'S MOTION TO REMAND         5.         CASE NO. C 08-02172 CW

997 F.2d 150 (6th Cir. 1993). Indeed, Plaintiff's own cited authority confirms that very point.[9] As noted in *Barrow*:

> To be observant of these restrictions is not to indulge in formalism or sterile technicality...[because this] would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts.

*Id.* at 318.

The circumstances of the instant case are comparable to those in *Barrow*, so far as any amendment required to Brookdale's removal petition is as to form only. In *Barrow*, the removal petition did not identify the state of incorporation or the state of the principal place of business for either the plaintiff or defendant. In contrast, Brookdale did identify the states of its citizenship and correctly pleaded that the parties were and are citizens of different states. The issue is that it did not identify the correct principal place of business, which is in any event understandable given the corporate changes that were in process at that time. Brookdale did more than defendant in *Barrow* and should similarly be permitted to amend its notice of removal. Further, even the dissent in *Barrow* would agree that where allegations of jurisdiction have been made, as they clearly have in the instant case, any defect in those allegations may be amended. *Id.* at 321.

*Barrow* is cited with approval in numerous cases, notably by this Court in *Kacludis*, *supra*, and by the United Sates District Court for the Eastern District of California in *National Audubon Society v. Department of Water & Power of City of Los Angeles* 496 F. Supp. 499, 502-04 (E.D. Cal. 1980). Both cases confirm that defective allegations of jurisdiction may be cured by amendment after the thirty-day period. Furthermore, *Kacludis* allows amendment where both the removal notice and the motion to remand are timely filed. *See Kacludis*, 806 F. Supp. At 870.

Therefore, Plaintiff's contention that cases like *Barrow* and *Kacludis* can be distinguished is misplaced. Rather, Plaintiff's argument is comparable to that of plaintiff in *Kacludis*, in that her reliance on authority from the U.S. District Court of South Carolina must give way to controlling authority from the Ninth Circuit and this very Court.[10]

---

[9] *See, Barrow*, supra.

[10] Even the court in *Barnhill* (cited by Plaintiff) recognized that "the overwhelming majority of courts allow amendment after expiration of the statutory period for removal only for the purpose of setting forth more specifically *each* ground for

### D. There Is No Doubt As To The Existence of Removal Jurisdiction.

Plaintiff argues that "any doubts as to removability are to be resolved in favor of remanding cases to state court."[11] However, what Plaintiff overlooks is the fact that there is no such doubt: diversity of citizenship exists and has always existed between the parties, a fact which Plaintiff does not dispute. Additionally, Brookdale has met its burden of establishing that diversity exists. A fact which is not, and cannot be, disputed. Because diversity exists, there is no risk that a decision of this Court will need to be set aside.

Plaintiff cites *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004) to suggest that the instant case should be remanded. However, the court in *Rolling Greens* did not find that the notice of removal was defective, as alleged by Plaintiff. Rather, the court stated that the issue of citizenship had not been addressed and remanded the case to the District Court for a determination as to the citizenship of the parties. There, it was simply unknown whether diversity jurisdiction actually existed: "[i]f Comcast carries its burden with respect to establishing diversity of citizenship, we retain jurisdiction to consider the merits of this appeal." *Id.* at 1023. Although the court remanded the case to the District Court, the *Rolling Greens* court clearly anticipated that, despite the lack of evidence in the record, Comcast would have the opportunity to establish that diversity did indeed exist. Unlike *Rolling Greens*, there is evidence in the record in the instant case of the parties' citizenship and it shows that complete diversity exists.

Similarly, Plaintiff's reliance on *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006) is misplaced. Indeed, *Johnson* demonstrates that affidavits stating citizenship can be the basis for refusing to remand a case to state court. As a result, out of an abundance of caution, Brookdale has submitted with this Opposition a similar affidavit from its in-house counsel, Mr. Jack Leebron, listing Brookdale's sole member and the citizenship of that member. Thus, even if Brookdale's notice was defective, as alleged, there can be no real dispute that the defect was as to form rather than substance. As such, the result must be to allow Brookdale leave to amend its Notice of Removal as discussed above.

---

removal which had been imperfectly set forth in the original petition..." *Barnhill v. Insurance Co. of North America* 130 F.R.D. 46, 51.
[11] Plaintiff's Motion to Remand at 3:11-12.

E. **The Court Should Order Brookdale to Amend Its Removal Notice to Remedy Any "Defect" to the Notice.**

So far as it may be procedurally necessary, Brookdale hereby requests the Court order it to amend its Notice of Removal to state that its sole member, both at the time the Complaint was filed and at the time of removal, was Brookdale Living Communities Inc. and that this corporation was a citizen of Delaware and Illinois, with the effect that Brookdale's citizenship was also Delaware and Illinois. A copy of such an Amended Notice of Removal is attached as Exhibit A to the Declaration of Paul S. Cowie in support of Defendant's Opposition to Plaintiff's Motion to Remand.

## IV. CONCLUSION

Plaintiff's argument to remand this case is without substance and should be disregarded. Brookdale has provided this Court with evidence of its citizenship (which is the largely the same as set forth in its original notice of removal) and there is no dispute that diversity exists. Any defect is cured by amendment of the Notice of Removal in accordance with the controlling case law of this circuit. Therefore, Plaintiff's Motion to Remand should be denied and Brookdale's Amended Notice of Removal should be accepted into the record.

Dated: June 13, 2008

/s/ PAUL S. COWIE

PAUL S. COWIE
MICHELLE R. BARRETT
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
BROOKDALE PROVIDENT
MANAGEMENT, LLC

Firmwide:85355685.1 051918.1024

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S OPP TO PLTF'S MOTION TO REMAND    8.    CASE NO. C 08-02172 CW