MICHELLE R. BARRETT, Bar No. 197280
PAUL S. COWIE, Bar No. 250131
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:    415.433.1940
Facsimile:    415.399.8490
Email:        mbarrett@littler.com
Email:        pcowie@littler.com

Attorneys for Defendant
BROOKDALE PROVIDENT MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY MARSHALL<br><br>         Plaintiff,<br><br>    v.<br><br>BROOKDALE PROVIDENT MANAGEMENT, LLC., and DOES 1-25, inclusive,<br><br>         Defendants. | Case No. C 08-02172 CW<br><br>**DECLARATION OF PAUL S. COWIE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION TO REMAND** |

I, Paul Cowie, hereby declare and state as follows:

1.     I am an associate with Littler Mendelson, attorneys of record for Defendant Brookdale Provident Management, LLC. I have personal knowledge of the matters set forth in this declaration and, if called as a witness, I could and would testify competently thereto. I make this declaration in support of Defendant's Opposition to Plaintiff's Notice of Motion to Remand.

2.     On April 28, 2008 Defendant filed its Notice of Removal with this Court. On May 28, 2008 Mr. Jack Leebron, Vice President of Legal Services for Brookdale Senior Living Inc., clarified to me the corporate structure for Brookdale Provident Management LLC and that of its members. The details of the corporate structure are described in more detail in Mr. Leebron's declaration submitted with Defendant's Opposition.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEC OF PAUL COWIE ISO DEF'S OPPOS TO
PLTF'S NTC OF MTN TO REMAND

CASE NO. C 08-02172 CW

3. In light of the information received from Mr. Leebron I amended Defendant's Notice of Removal. A true and correct copy of the Amended Notice of Removal is attached as Exhibit A.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 13th day of June 2008 at San Francisco California.

_____
PAUL S. COWIE

Firmwide:85565617.1 051918.1024

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEC OF PAUL COWIE ISO DEF'S OPPOS TO PLTF'S NTC OF MTN TO REMAND    1.    CASE NO. C 08-02172 CW

**Exhibit A**
**To Declaration of Paul Cowie**
**Case No. C 08-02172 CW**

1  MICHELLE R. BARRETT, Bar No. 197280
   PAUL S. COWIE, Bar No. 250131
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA  94108.2693
4  Telephone:   415.433.1940
   Facsimile:   415.399.8490
5  Email:       mbarrett@littler.com
   Email:       pcowie@littler.com
6
   Attorneys for Defendants
7  BROOKDALE PROVIDENT MANAGEMENT,
   LLC
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11 | TAMMY MARSHALL | Case No.  C 08-02172 CW
12 |     Plaintiff, | **AMENDED NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT (DIVERSITY)**
13 |     v. |
14 | BROOKDALE PROVIDENT MANAGEMENT, LLC., and DOES 1-25, inclusive, | **28 U.S.C. §§ 1332, 1441, 1446**
15 |  | San Mateo County Superior Court Case No. CIV 471555
16 |     Defendants. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**AMENDED NOTICE TO FEDERAL COURT OF REMOVAL**

CASE NO. C 08-02172 CW

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF TAMMY MARSHALL AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant BROOKDALE PROVIDENT MANAGEMENT, LLC ("Brookdale" or "Defendant") hereby removes the above-titled action from the Superior Court of the State of California for the County of San Mateo to the United States District Court, pursuant to 28 U.S.C. §§ 1441 and 1446.

## I.   JURISDICTION AND VENUE

1. This action is a civil action over which this Court has original jurisdiction based upon the complete diversity of citizenship of the parties pursuant to section 1332(a) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a) and 1446, in that this Court is the court for the district and division embracing the place where the action is pending in state court.

## II.   STATUS OF THE PLEADINGS

3. On March 27, 2008, Plaintiff Tammy Marshall ("Plaintiff") commenced this action by filing a Summons, Civil Cover Sheet, Affidavit of Personal Delivery of Deputy Court Clerk and a Complaint in the Superior Court of the State of California, County of San Mateo, entitled *Tammy Marshall, Plaintiff v. Brookdale Provident Management, LLC., and Does 1 through 25, inclusive, Defendants*, designated Superior Court Case No. CIV471555 ("Complaint"). True and correct copies of the Civil Action Sheet, Summons, Affidavit of Personal Delivery of Deputy Court Clerk and Complaint are attached hereto as Exhibit A. The Complaint alleged the following causes of action: (1) Retaliation – Government Code § 12940; (2) Sexual Harassment – Government Code § 12940(j); (3) Failure to Prevent Discrimination and Harassment – Government Code § 12940(k); and (4) Tortious Constructive Discharge In Violation Of Public Policy.

4. On March 27, 2008, the Court issued a Notice of Case Management Conference and Order, a copy of which is attached as Exhibit B.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

AMENDED NOTICE TO FEDERAL COURT OF REMOVAL              1.              CASE NO. C 08-02172 CW

5. On April 25, 2008, Defendant Brookdale filed an answer to Plaintiff's Complaint with the Superior Court, a copy of which is attached as Exhibit C.

6. A true and correct copy of the San Mateo Superior Court's Register of Actions for the case is attached hereto as Exhibit D.

7. Defendant Brookdale is informed and believes that personal service on Defendant Brookdale was completed on March 31, 2008.

8. Defendant Brookdale is informed and believes, and on that basis asserts, that as of the date of this Notice of Removal, no other individual or entity has been served with the Complaint.

9. This Notice to Federal Court of Removal of Civil Action from State Court is timely filed pursuant to 28 U.S.C. § 1446(b) because Defendant has filed this Notice within 30 days after Defendant Brookdale was served with the Complaint and within one year after commencement of this action.

10. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal to Federal Court shall be filed contemporaneously with the Clerk of the Court for the Superior Court of the County of San Mateo California and a copy shall be served on Plaintiff's counsel of record. A copy of said Notice and Proof of Service is attached hereto as Exhibit E.

11. No further proceedings have been conducted in this case in the Superior Court of San Mateo.

### III. DEFENDANTS

12. The only named defendant to this action is Brookdale.

### IV. DOE DEFENDANTS

13. Defendant is informed and believes that none of the Doe Defendants in this case have been identified or served. Doe Defendants designated 1 to 25 are fictitious, are not parties to this action, have not been served, and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441(a). For this reason, the Doe Defendants need not be joined in this removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988) (general rule that all defendants in a state action must join in removal applies only to defendants served in the action);

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

AMENDED NOTICE TO FEDERAL COURT OF REMOVAL       2.       CASE NO. C 08-02172 CW

1  *Republic Western Ins. v. International Ins.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("The law of this
2  circuit [] is that defendants upon whom service has not been effected at the time the notice is filed,
3  need not join in the notice of removal").

### V. DIVERSITY OF CITIZENSHIP

14.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) based on the existence of diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000.

15.     The parties to this action have complete diversity of citizenship in that Defendant was at the time the action was filed and was at the time of this removal and remains now a citizen of Delaware and WisconsinIllinois, in that its sole member, Brookdale Living Communities Inc. isbeing a corporation formed under the laws of Delaware and hadving its principal place of business in WisconsinIllinois.[1] 28 U.S.C. § 1332(c)(1). Defendant is informed and believes and on that basis alleges that Plaintiff was at the time of filing this action, and is now at the time of this removal, a citizen of California.[2]

16.     Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal. *See Strawbridge v. Curtiss*, 7 U.S. (3 Branch) 267 (1806); *see also United Food Local 919 v. Centermarie Properties*, 30 F.2d 298, 301 (2nd Cir. 1994). For purposes of removal, the citizenship of Doe Defendants are disregarded and only named defendants are considered. 28 U.S.C. § 1441(a); *see Newcombe v. Adolf Coors Co.*, 157 F.3d 690 (9th Cir. 1998).

17.     Complete diversity of citizenship exists by and between the parties because Plaintiff and Defendant, are citizens of different states. Complete diversity between Plaintiff and

---

[1] Defendant Brookdale Living Communities Inc. hads its corporate headquarters in Milwaukee, WisconsinChicago, Illinois and that is where its corporate officers awere located. Note that, post-removal, the principal place of business has changed to 111 Westwood Place, Suite 200, Brentwood, Tennessee 37027.

[2] Plaintiff has pleaded that she resides in the County of San Mateo, California (Complaint ¶1). However, Defendant has received information to suggest that Plaintiff is actually a citizen of -New York and was at the time this action was commenced. Regardless, diversity between the parties exists.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

AMENDED NOTICE TO FEDERAL COURT OF REMOVAL     3.     CASE NO. C 08-02172 CW

1  Defendant existed both at the time the action was filed and exists now at the time of this removal.
2  Consequently, this matter may properly be removed to this Court.

3  **VI.   AMOUNT IN CONTROVERSY**

4         18.    It is clear on the face of the Complaint that the amount in controversy exceeds
5  this Court's jurisdictional minimum of $75,000.[3] To establish this, Defendant need only show by a
6  preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages
7  exceed the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862
8  (9th Cir. 1996) (amended 102 F.3d 398, 404).

9         19.    Plaintiff has pleaded four separate causes of action and has alleged damages
10 including: "loss of salary, benefits, and additional amounts of money" (Complaint ¶ 27, p. 9:19-20;
11 ¶ 34, p. 11:2-3; ¶ 40, p. 12:5-6; and ¶ 47, p. 13:8-9).  Plaintiff's last salary was approximately
12 $102,000 per annum and it is now eight months since her employment ended.  It will undoubtedly be
13 over one year from when Plaintiff's employment ended until the trial in this matter.  Therefore,
14 based on past loss of earnings alone the amount in controversy exceeds $75,000.  In addition,
15 Plaintiff claims lost past and future benefits, future loss of wages.  These alleged damages easily
16 meet the jurisdictional minimum.

17        20.    Plaintiff has also alleged that she has suffered "humiliation, anguish, and
18 emotional and physical distress," (*See* Complaint ¶ 28, p. 9:24-25; ¶ 35, p. 11:8-9; ¶ 41, p. 12:10-11;
19 and ¶ 48, p. 13:13-14).  In addition, Plaintiff asserted that she "developed extreme anxiety"
20 (Complaint ¶ 13, p. 5:26), was "hospitalized" (Complaint ¶ 21, p. 8:8) and "placed on
21 antidepressants" (Complaint ¶ 21, p. 8:9).  Awards for emotional distress, particularly where the
22 symptoms are alleged to be "extreme", medication was prescribed and that hospitalization resulted,
23 may well exceed $75,000.  Therefore, again, on this basis alone, the amount of damages claimed by
24 Plaintiff is more probable than not to exceed the jurisdictional minimum.

---

[3] See *White v. FCI USA, Inc.*, 319 F.3d 672 at 675 (2003)—lengthy list of compensatory and punitive damages including loss of pay, fringe benefits, impaired earning capacity, harm to credit, emotional distress, combined with a claim for attorney fees sufficient to meet burden that it was more likely than not that amount in controversy would exceed jurisdictional minimum.

21. Further, Plaintiff has asserted claims to punitive damages with respect to all of her claims for damages (Complaint ¶¶ 29, 36, 42 and 49). Although Defendant denies that it could or should be liable for punitive damages, for purposes of assessing whether the amount in controversy element has been satisfied in order to invoke diversity jurisdiction, the Ninth Circuit Court of Appeals has specifically held that such damages claimed by Plaintiff are properly included in computing the jurisdictional amount. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Punitive damages on any one of Plaintiff's claims could meet the jurisdictional requirement. *See White v. FCI USA, Inc.*, 319 F.3d 672 at 675 (punitive damages alone was more likely than not to exceed the jurisdictional amount).

22. Further, Plaintiff also seeks an award of her attorney's fees with respect to her claims, which should also be considered when calculating the amount in controversy. *Goldberg v. C.P.C. Int'l, Inc.*, 678 F. 2d 1365, 1367 (9th Cir. 1982) (attorneys' fees included in considering jurisdictional amount). Representation of Plaintiff through trial would almost certainly exceed the $75,000 threshold.

23. Thus, the preponderance of the evidence demonstrates an amount in controversy clearly in excess of $75,000.

## VII. CONCLUSION

24. Defendant, having shown that diversity exists and that the amount in controversy exceeds the jurisdiction minimal, is entitled to remove this matter to this Court.

25. Pursuant to 28 U.S.C. § 1441(a), Defendant removes this case from the Superior Court of the State of California in and for the County of San Mateo to this Court.

Dated: June 13, 2008

PAUL S. COWIE
MICHELLE R. BARRETT
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
BROOKDALE PROVIDENT MANAGEMENT, LLC

Firmwide:85365341.1 051918.1024