*LAW OFFICES OF ROBERT LUBIN*
ROBERT M. LUBIN, ESQ. (055863)
177 Bovet Road, Suite 600
San Mateo CA 94402
Telephone:  650.638-2331
Facsimile:    650.638-1005

Attorney for Plaintiff TAMMY MARSHALL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY MARSHALL<br><br>Plaintiff,<br><br>vs.<br><br>BROOKDALE PROVIDENT MANAGEMENT, LLC. and DOES 1 through 25, inclusive<br><br>Defendants. | CASE NO. Cv 08 2172<br><br>PLAINTIFF TAMMY MARSHALL'S REPLY BRIEF IN SUPPORT OF HER MOTION TO REMAND<br><br>Date:   July 10, 2008<br>Time:  2:00 p.m.<br>Judge: Hon. Claudia Wilken |

## I.

## INTRODUCTION

Under 28 USC §1447( c) a plaintiff may object to a notice of removal based on any defect by filing a motion to remand withing 30 days after removal. If a plaintiff fails to file a motion for remand within 30 days after removal objections are waived. Plaintiff TAMMY

MARSHALL v. BROOKDALE
PLAINTIFF TAMMY MARSHALL'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

MARSHALL objects to Defendant BROOKDALE PROVIDENT MANAGEMENT, LLC.'s ("BROOKDALE") Notice of Removal because it failed to list the state citizenship of all of its members. BROOKDALE acknowledges the defect, but argues they should be permitted to amend the Notice of Removal.[1]

However, the authority cited by BROOKDALE are distinguishable, because in the cases cited by BROOKDALE, the plaintiffs did not file a timely §1447(c) motion to remand. In fact, in most of the authority cited by BROOKDALE the issue of improper removal was not raised until after final judgement, and the appeals court had to decide between authorizing an amendment to the removal petition, or vacating a federal judgment and remanding to state court for the parties to repeat the trial process.

It is Plaintiff's position that because §1447(c) grants a right to object to removal based on "any defect", there is clearly a defect in BROOKDALE's Notice of Removal, and Plaintiff timely asserted her objection, this matter should be remanded. There has been no significant pre-trial preparation, and federal law favors a policy of restricting removal.

## II.

## LEGAL ARGUMENT

A Notice of Removal that does not list the state citizenship of every member of a Limited Liability Company/party is defective. <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings</u>

---

[1] BROOKDALE has yet to file a motion asking for leave to amend its Notice of Removal. Under Fed. Rule Civ. Proc. 7(b), all requests for a court order must be made in the form of a motion. Here, BROOKDALE attached a copy of its proposed Amended Notice of Removal to its opposition papers, but has not filed a motion asking for leave to amend.

<u>MARSHALL v. BROOKDALE</u>
PLAINTIFF TAMMY MARSHALL'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

- 2 -

1  L.L.C. 374 F.3d 1020, 1022 (11th Cir., 2004); Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir., 2006). Under 28 USC §1447(c) a party may move to remand a matter removed to federal court based on "any defect":

> "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)..."

Because BROOKDALE did not list the state citizenship of all of its members in the Notice of Removal it is clearly defective, as such Plaintiff MARSHALL moved to remand.

BROOKDALE opposes the motion for remand. BROOKDALE relies on 28 USCA §1653, *"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."* Under Barrow Development Comany, Inc. v. Fulton Insurance Company, 418 F.2d. 316, 318 (9th Cir., 1969) amendments pursuant to §1653 are only allowed to allegations that are defective in form and not lacking in substance. In that case the Ninth Circuit allowed a corporate defendant to amend its removal petition to properly allege its state of incorporation and principal place of business.

However, the present case and Barrow Development Comany, Inc. v. Fulton Insurance Company, supra, are distinguishable, as the Plaintiff in Barrow Development Comany, Inc. v. Fulton Insurance Company, supra, did not object to the defects in the removal petition by filing a §1447(c) motion to remand. By enacting §1447(c) the legislature made it clear that parties have thirty days to object to removal based on "any defect" by filing a motion to remand. The court in Gray v. Moore Business Forms, Inc., 711 F. Supp. 543, 544 (N.D., Cal, 1989) has acknowledged that a Plaintiff can move to remand based on procedural defects, and that failure to object within

MARSHALL v. BROOKDALE
PLAINTIFF TAMMY MARSHALL'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

- 3 -

30 days is a waiver of that right. It is true a notice of removal may be amended pursuant to §1653, but if it can be amended despite a proper objection, what is the point of §1447(c)?

Another important distinction between <u>Barrow Development Comany, Inc, v. Fulton Insurance Company</u>, <u>supra</u>, and the present case is that the issue of proper removal was raised after judgment was entered. The court in <u>Barnhill v. Insurance Company of North America</u>, 130 F.R.D. 46 (U.S. Dist. Court South Carolina, 1990), which cited <u>Barrow Development Comany, Inc, v. Fulton Insurance Company</u>, found the fact that judgment was already entered to be a critical distinction: *"In each of the cases relied upon by INA, the court was faced with the difficult choice of allowing amendment under § 1653, or, in the alternative, vacating a federal judgment which had already been entered after completion of discovery and a dispositive motion, or, in some cases, a trial on the merits......Barrow Development Co. v. Fulton Ins. Co., 418 F.2d 316 (9th Cir.1969) (appeal from grant of summary judgment in favor of defendant)..."* (Citations Omitted) <u>Barnhill v. Insurance Co. of North America</u>, 130 F.R.D. 46, 50 (D.S.C.,1990). The court in <u>Barnhill v. Insurance Co. Of North America</u>, <u>supra</u>, noted that factors which necessitated a more permissive view of amendments under §1653 were not present as the plaintiff moved to remand within the 30 day limit of §1447(c) and there had been no significant pre-trial preparation. <u>Id</u>., at 50.

The <u>Barnhill v. Insurance Co. Of North America</u>, <u>supra</u> court also recognized other policy reasons which required the court to take a restrictive position, which included: (1) preventing federal court infringement on the sovereignty of state courts; (2) ensuring judgments in federal court are not vacated on appeal; (3) reducing the necessity of federal court jurisdiction to marginal cases, and (4) the need to uphold the specific time limits described in §1446(b),

<u>MARSHALL v. BROOKDALE</u>
PLAINTIFF TAMMY MARSHALL'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

- 4 -

"allowing amendment of the notice of removal under §1653 after the thirty day time limit for removal specified in §1446(b) would 'substantially eviscerate' the specific time provisions enacted by Congress" Id., at 50-51. Likewise, in this situation, if BROOKDALE were allowed to amend its Notice of Removal pursuant to §1653, it would substantially eviscerate the right object based on any defect under §1449( c).

BROOKDALE cites several cases supporting an amendment, but those cases are distinguishable, because the Plaintiffs failed to object within 30 days, and in many of the cases the issue was raised after judgment. For example, in Harmon v. OKI Systems 902 F. Supp. 176 (S.D.Ind.,1995) a motion to remand was not filed until two years after the case was removed, and the court specifically relied on the 30 day time limit of §1447( c) in making its ruling. In Riehl v. National Mut. Ins. Co. 374 F.2d 739, 741 -742 (7th Cir., 1967), the only defect was the failure to attache a state court complaint to the removal petition, and the issue was not raised until on appeal. In McMahon v. jcBunn-O-Matic, Corp 150 F.3d 651 (7th Cir., 1998); there was no objection filed within 30 days.

Other cases cited BROOKDALE are unhelpful because the issue of whether a timely objection pursuant to §1447( c) trumps the amendment provisions of §1653. For example, it would appear based on a reading of Tech Hills II Associates v. Phoenix Home Life Mut. Ins. Co. 5 F.3d 963, 966 (6th Cir., 1993) that the motion for remand occurred after a bench trial. With Gafford v. General Electric Company, 997 F.2d. 150 (6th Cir. 1993) the Plaintiff filed three motions to remand, one within the 30 day period, and two almost two years later. Id., at 154-155. Plaintiff argued that GE's principle place of business was in another state, GE failed to show the amount in controversy was more than $50,000, GE failed to post a bond, and the removal

petition was defective because GE failed to affirmatively state its principle place of business. Id., at 161-164. Whether the Plaintiff objected to GE's failure to affirmatively state its principle place of business in the first, timely, motion to remand, or in the other motions to remand which were made two years later is not clear.

Finally, Kacludis v. GTE Spring Communications Corp, 806 F. Supp. 866, 969 - 870. (N.D. Cal., 1992) does not address the issue of whether an amendment under §1653 is proper when there is a §1447( c) motion to remand, and the defendants in that case did file a motion for leave to amend the removal petition, unlike BROOKDALE. Another important distinction is that alleged defect. In Kacludis v. GTE Spring Communications Corp, supra, the only defect was that the Defendant's failed to affirmatively state the dates of citizenship. Id., at 869. Here, BROOKDALE failed to list the citizenship of all of its members, which is expressly required under Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C. 374 F.3d 1020, 1022 (11th Cir., 2004); Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir., 2006).

Given that §1447( c) allows a motion to remand be made based on "any defect"; there has not been significant trial preparation, and that removal statutes are construed restrictively so as to limit removal jurisdiction (See, Shamrock Oil & Gas Corp., v. Sheets, 313 US 100, 108-109 (1941); Gus v. Miles, Inc. 980 F2d 564, 566 (9th Cir. 1992), this case should be remanded to the Superior Court of San Mateo County.

//

//

MARSHALL v. BROOKDALE
PLAINTIFF TAMMY MARSHALL'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

- 6 -

### III.

### CONCLUSION

Based on the foregoing reasons it is respectfully requested that this remand this matter to the Superior Court of California, San Mateo County.

Dated: June 26, 2008

LAW OFFICE OF ROBERT LUBIN

*[signature]*

ROBERT LUBIN Attorney for
Plaintiff TAMMY MARSHALL

---

MARSHALL v. BROOKDALE
PLAINTIFF TAMMY MARSHALL'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

- 7 -

*LAW OFFICES OF ROBERT LUBIN*
ROBERT M. LUBIN, ESQ. (055863)
JOSEPH CAMENZIND, IV (244154)
177 Bovet Road, Suite 600
San Mateo CA 94402
Telephone:  650.638-2331
Facsimile:    650.638-1005

Attorneys for Plaintiff TAMMY MARSHALL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY MARSHALL, <br><br>  Plaintiff, <br><br> vs. <br><br> BROOKDALE PROVIDENT MANAGEMENT, LLC. and DOES 1 through 25, inclusive <br><br>  Defendants. | CASE NO. 3:08-cv-2172 CW <br><br> **CERTIFICATE OF SERVICE** |

MARSHALL v. BROOKDALE                                   CASE NO. 3:08-cv-2172 CW
CERTIFICATE OF SERVICE

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 177 Bovet Road, Suite 600, San Mateo, California 94402. On June 26, 2008, I served the within document(s):

- PLAINTIFF TAMMY MARSHALL'S REPLY BRIEF IN SUPPORT OF HER MOTION TO REMAND

- CERTIFICATE OF SERVICE

x  By facsimile transmission at or about 2:30 P.M. on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number (650)638-1005. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

x  by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelop with postage thereon fully prepaid for deposit in the United States mail at San Mateo, California addressed as set forth below.

☐  by depositing a true copy of the same enclosed in a sealed envelop, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐  by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Michelle R. Barrett
Paul S. Cowie
Littler Mendelson
650 California Street, 2oth Floor
San Francisco, CA 94108-2693
F: (415)520-9816

MARSHALL v. BROOKDALE                                        CASE NO. 3:08-cv-2172 CW
CERTIFICATE OF SERVICE

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery pick-up box or office on the same day with postage or fees thereon fully paid in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on June 26, 2008, at San Mateo, California.

Patsy Nicklin

MARSHALL v. BROOKDALE
CERTIFICATE OF SERVICE

CASE NO. 3:08-cv-2172 CW

- 3 -