IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAMMY MARSHALL,

        Plaintiff,

  v.

BROOKDALE PROVIDENT MANAGEMENT, LLC,

        Defendant.
                                         /

No. C08-02172 CW

ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Plaintiff moves to remand this action to San Mateo County Superior Court. Defendant opposes the motion. The motion is decided on the papers; the July 10, 2008 hearing is vacated. Having considered all the papers filed by the parties, the Court denies Plaintiff's motion.

BACKGROUND

On March 27, 2008, Plaintiff Tammy Marshall filed a complaint in San Mateo County Superior Court. The complaint names Brookdale Provident Management, LLC, as Defendant. The complaint alleges retaliation, sexual harassment, failure to prevent discrimination and harassment, and tortious constructive discharge in violation of public policy.

On April 28, 2008, Defendant filed a notice of removal in which it argued that there is complete diversity of citizenship between itself and Plaintiff, who is a California resident, and that the $75,000 jurisdictional limit is satisfied. Plaintiff does not contest the amount in controversy requirement.

Defendant is a limited liability company. Its sole member is Brookdale Living Communities, Inc., which is incorporated in Delaware, with its principal place of business in Illinois at the time complaint was filed. The principal place of business for both Defendant and Brookdale Living Communities, Inc., is now Tennessee. Plaintiff does not contest these facts, or the diversity of the parties.

### LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447 provides that if at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). On a motion to remand, the scope of the removal statute must be strictly construed. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

District courts have original jurisdiction over all civil

2

1 actions "where the matter in controversy exceeds the sum or value
2 of $75,000, exclusive of interest and costs, and is between . . .
3 citizens of different States." 28 U.S.C. § 1332(a). When federal
4 subject matter jurisdiction is predicated on diversity of
5 citizenship, complete diversity must exist between the opposing
6 parties. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365,
7 373-74 (1978). "Defective allegations of jurisdiction may be
8 amended, upon terms, in the trial or appellate courts." 28 U.S.C.
9 § 1653.

## DISCUSSION

11 The issue here is procedural: Defendant failed to list the
12 citizenship of its sole member in its notice of removal, although
13 it did list that information in its disclosure statement. Limited
14 liability companies are required to list the citizenship of each
15 member in a notice of removal because, "like a partnership, an LLC
16 is a citizen of every state of which its owners/members are
17 citizens." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d
18 894, 899 (9th Cir. 2006). Amendment would clearly cure the defect,
19 but Plaintiff objects to Defendant's proposed amendment. Citing
20 Title 28 U.S.C. §§ 1446(b) and 1447(c), Plaintiff argues that
21 Defendant should not be allowed to amend because "the thirty day
22 time limit to remove has expired," and Plaintiff filed her motion
23 to remand within thirty days of the notice of removal. Motion to
24 Remand at 4-5. Defendant contends that "there was no omission of
25 an allegation" in its notice of removal, "but only a defect as to
26 form, if at all," and that "[t]he pleading correctly stated the
27 fact that complete diversity existed both at the time the Complaint

3

was filed and at the time of the removal." Opposition at 5.

The Supreme Court has held that amendment to show diversity of citizenship is proper where a removal petition contains "a technical defect and there are averments sufficient to show jurisdiction." <u>Kinney v. Columbia Savings and Loan</u>, 191 U.S. 78, 83 (1903); <u>see also</u> <u>Southern Pacific Co. v. Stewart</u>, 245 U.S. 359, 363 (1917) (noting that "amendments have been permitted so as to make the allegations of the removal petition more accurate and certain when the amendment is intended to set forth in proper form the ground of removal already imperfectly stated").

Plaintiff argues that by enacting Title 28 U.S.C. § 1447(c), "the legislature made it clear that parties have thirty days to object to removal based on 'any defect' by filing a motion to remand," Reply at 3, and that § 1447(c) trumps the broader language in Title 28 U.S.C. § 1653. Plaintiff misinterprets § 1447(c). It provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. . . .  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

This does not suggest, as Plaintiff implies, that remand is proper and amendment improper whenever there is "any defect" in the removal notice and a party objects to that defect within thirty days.  Plaintiff cites no case, from this circuit or any other, that supports her argument that a timely objection to "any defect" in a removal notice is a sufficient basis for denying a proposed amendment to cure a technical defect and remanding to state court.

4

Plaintiff also relies on the thirty-day amendment period established by Title 28 U.S.C. § 1446(b), which provides, "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ."  However, § 1446(b) is not applicable to this case, which has been removable since its inception.  Indeed, Supreme Court and Ninth Circuit precedent weigh in favor of allowing an amendment to cure a technical defect in an allegation of jurisdiction.  See Kinney, 191 U.S. at 83; Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 317-18 (9th Cir. 1969); Kacludis v. GTE Sprint Communications Corp., 806 F. Supp. 866, 869 (N.D. Cal. 1992).

In Kacludis, the court noted, "In this circuit, as in every circuit court that has dealt with the question elsewhere, defects in form of a removal petition are amendable at any time, not just within the original 30-day period for removal. . . .  This is particularly true where, as here, the requisite jurisdictional allegations are not omitted entirely, but rather are merely defective in form."  Id.  Plaintiff attempts to distinguish Kacludis and Barrow from the instant case by pointing out that, in both of those cases, the plaintiffs "did not object to the defects in the removal petition by filing a § 1447(c) motion to remand" within thirty days, and that, in Kacludis, the defendant filed a motion for leave to amend the removal petition, which Defendant in the instant case has not done.  Reply at 3-6.  However, these

5

factors do not fundamentally alter the underlying reasons for allowing amendment to cure a technical defect, nor do they undercut the two cases' broad holdings.

The Sixth Circuit, in an opinion representative of an emerging national consensus on this issue, has held that, even in situations where the thirty-day removal deadline has passed, it is "[b]etter, if the jurisdiction in fact exists, to permit the petition for removal to be amended to reflect it." Gafford v. Gen. Elec. Co., 997 F.2d 150, 164 (6th Cir. 1993) (quoting Stanley Elec. Contractors, Inc. v. Darin & Armstrong Co., 486 F. Supp. 769, 772-73 (E.D. Ky. 1980)). The court noted that

> the time has come to apply the principles of modern pleading relating to amendments to removal petitions, and that amendments should be permitted, to implement the spirit of the statute and rules cited herein, where the jurisdictional facts do indeed exist, and the parties are in law entitled to invoke the jurisdiction of the federal court.

Id. (quoting Stanley, 486 F. Supp. at 772-73) (emphasis in original); see also Giangola v. Walt Disney World Co., 753 F. Supp. 148, 153 n.5 (D.N.J. 1990); Barrow, 418 F.2d at 18; Riehl v. Nat'l Mut. Ins. Co., 374 F.2d 739, 742 (7th Cir. 1967); Jackson v. Metropolitan Life Ins. Co., 433 F. Supp. 707, 709 (E.D. Ky. 1977); Hendrix v. New Amsterdam Casualty Co., 390 F.2d 299, 300-02 (10th Cir. 1968) (cautioning against "exalt[ing] form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts").

In the instant case, jurisdictional facts exist to establish complete diversity, and Plaintiff had sufficient notice of these

6

facts because they were listed in Defendant's disclosure statement. Defendant has met its burden to demonstrate "that removal is proper." <u>Gaus</u>, 980 F.2d at 566. Because Plaintiff does not actually contest diversity of citizenship, and because Defendant is not seeking to make any new allegation, Defendant's failure--for whatever reason--to list the citizenship of its sole member explicitly in the notice of removal can easily be cured by amendment. Such amendment is therefore permitted.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is DENIED. (Docket No. 12.) Defendant is granted three days to submit an amended notice of removal.

IT IS SO ORDERED.

Dated: 7/9/08

*[signature]*

CLAUDIA WILKEN
United States District Judge