1  MICHELLE R. BARRETT, Bar No. 197280
   PAUL S. COWIE, Bar No. 250131
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA  94108.2693
4  Telephone:   415.433.1940
   Facsimile:    415.399.8490
5  Email:         mbarrett@littler.com
   Email:         pcowie@littler.com
6
   Attorneys for Defendants
7  BROOKDALE PROVIDENT MANAGEMENT,
   LLC
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11 | TAMMY MARSHALL | Case No.  C 08-02172 CW
12 |         Plaintiff, | **AMENDED NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT (DIVERSITY)**
13 |   v. |
14 | BROOKDALE PROVIDENT MANAGEMENT, LLC., and DOES 1-25, inclusive, | **28 U.S.C. §§ 1332, 1441, 1446**
15 |   | San Mateo County Superior Court Case No. CIV 471555
16 |         Defendants. |

---

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**AMENDED NOTICE TO FEDERAL COURT OF REMOVAL**

**CASE NO.** C 08-02172 CW

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF TAMMY MARSHALL AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT Defendant BROOKDALE PROVIDENT MANAGEMENT, LLC ("Brookdale" or "Defendant") hereby submits an Amended Notice of Removal as ordered by the Court on July 9, 2008. Defendant originally removed the above-titled action from the Superior Court of the State of California for the County of San Mateo to the United States District Court, pursuant to 28 U.S.C. §§ 1441 and 1446 on April 28, 2008.

## I.   JURISDICTION AND VENUE

1. This action is a civil action over which this Court has original jurisdiction based upon the complete diversity of citizenship of the parties pursuant to section 1332(a) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a) and 1446, in that this Court is the court for the district and division embracing the place where the action is pending in state court.

## II.   STATUS OF THE PLEADINGS

3. On March 27, 2008, Plaintiff Tammy Marshall ("Plaintiff") commenced this action by filing a Summons, Civil Cover Sheet, Affidavit of Personal Delivery of Deputy Court Clerk and a Complaint in the Superior Court of the State of California, County of San Mateo, entitled *Tammy Marshall, Plaintiff v. Brookdale Provident Management, LLC., and Does 1 through 25, inclusive, Defendants*, designated Superior Court Case No. CIV471555 ("Complaint"). True and correct copies of the Civil Action Sheet, Summons, Affidavit of Personal Delivery of Deputy Court Clerk and Complaint are already part of this Court's record. The Complaint alleged the following causes of action: (1) Retaliation – Government Code § 12940; (2) Sexual Harassment – Government Code § 12940(j); (3) Failure to Prevent Discrimination and Harassment – Government Code § 12940(k); and (4) Tortious Constructive Discharge In Violation Of Public Policy.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

AMENDED NOTICE TO FEDERAL COURT OF REMOVAL

1.

CASE NO. C 08-02172 CW

4. On March 27, 2008, the State Court issued a Notice of Case Management Conference and Order, a copy of which is already part of this Court's record.

5. On April 25, 2008, Defendant Brookdale filed an answer to Plaintiff's Complaint with the Superior Court, a copy of which is already part of this Court's record.

6. A true and correct copy of the San Mateo Superior Court's Register of Actions for the case is already part of this Court's record.

7. Defendant Brookdale is informed and believes that personal service on Defendant Brookdale was completed on March 31, 2008.

8. Defendant Brookdale is informed and believes, and on that basis asserts, that as of the date of the original Notice of Removal, no other individual or entity had been served with the Complaint.

9. The original Notice to Federal Court of Removal of Civil Action from State Court was timely filed pursuant to 28 U.S.C. § 1446(b) because Defendant filed that Notice within 30 days after Defendant Brookdale was served with the Complaint and within one year after commencement of this action.

10. Pursuant to 28 U.S.C. § 1446(d), written notice of the original Notice of Removal to Federal Court was filed contemporaneously with the Clerk of the Court for the Superior Court of the County of San Mateo California and a copy was served on Plaintiff's counsel of record. A copy of said Notice and Proof of Service is already part of this Court's record.

11. No further proceedings have been conducted in this case in the Superior Court of San Mateo.

III. DEFENDANTS

12. The only named defendant to this action is Brookdale.

IV. DOE DEFENDANTS

13. Defendant is informed and believes that none of the Doe Defendants in this case have been identified or served. Doe Defendants designated 1 to 25 are fictitious, are not parties to this action, have not been served, and are to be disregarded for the purpose of the removal. 28 U.S.C. § 1441(a). For this reason, the Doe Defendants need not be joined in the removal.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

AMENDED NOTICE TO FEDERAL COURT OF REMOVAL     2.     CASE NO. C 08-02172 CW

1  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988) (general rule that all defendants in a state action must join in removal applies only to defendants served in the action); *Republic Western Ins. v. International Ins.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("The law of this circuit [] is that defendants upon whom service has not been effected at the time the notice is filed, need not join in the notice of removal").

## V. DIVERSITY OF CITIZENSHIP

14. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) based on the existence of diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000.

15. The parties to this action have complete diversity of citizenship in that Defendant was at the time the action was filed and was at the time of the original removal a citizen of Delaware and Illinois, in that its sole member, Brookdale Living Communities Inc. is a corporation formed under the laws of Delaware and at those times had its principal place of business in Illinois.[1] 28 U.S.C. § 1332(c)(1). Defendant is informed and believes and on that basis alleges that Plaintiff was at the time of filing this action, and was at the time of filing the original removal, a citizen of California.[2]

16. The parties continue to have complete diversity at the time of the submission of this Amended Notice of Removal in that Defendant is a citizen of Delaware and Tennessee because its sole member, Brookdale Living Communities Inc., is a corporation formed under the laws of Delaware and now has its principal place of business in Brentwood, Tennessee. Defendant is a Limited Liability Corporation (LLC) and the citizenship of an LLC is that of all of its members. Plaintiff is now a resident of New York.

---

[1] Brookdale Living Communities Inc. had its corporate headquarters in Chicago, Illinois and that is where its corporate officers were located. Note that, post-removal, the principal place of business has changed to 111 Westwood Place, Suite 200, Brentwood, Tennessee 37027.

[2] Plaintiff has pleaded that she resides in the County of San Mateo, California (Complaint ¶1). However, Defendant has received information to suggest that Plaintiff was a citizen of New York both at the time this action was commenced and at the time of the original removal. Regardless, diversity between the parties exists.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

AMENDED NOTICE TO FEDERAL COURT OF REMOVAL    3.    CASE NO. C 08-02172 CW

17.  Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal. *See Strawbridge v. Curtiss*, 7 U.S. (3 Branch) 267 (1806); *see also United Food Local 919 v. Centermarie Properties*, 30 F.2d 298, 301 (2nd Cir. 1994). For purposes of removal, the citizenship of Doe Defendants are disregarded and only named defendants are considered. 28 U.S.C. § 1441(a); *see Newcombe v. Adolf Coors Co.*, 157 F.3d 690 (9th Cir. 1998).

18.  Complete diversity of citizenship exists by and between the parties because Plaintiff and Defendant, are citizens of different states. Complete diversity between Plaintiff and Defendant existed both at the time the action was filed and at the time of the original removal. Consequently, this matter may properly be removed to this Court.

## VI.  AMOUNT IN CONTROVERSY

19.  It is clear on the face of the Complaint that the amount in controversy exceeds this Court's jurisdictional minimum of $75,000.[3] To establish this, Defendant need only show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996) (amended 102 F.3d 398, 404).

20.  Plaintiff has pleaded four separate causes of action and has alleged damages including: "loss of salary, benefits, and additional amounts of money" (Complaint ¶ 27, p. 9:19-20; ¶ 34, p. 11:2-3; ¶ 40, p. 12:5-6; and ¶ 47, p. 13:8-9). Plaintiff's last salary was approximately $102,000 per annum and it is now eight months since her employment ended. It will undoubtedly be over one year from when Plaintiff's employment ended until the trial in this matter. Therefore, based on past loss of earnings alone the amount in controversy exceeds $75,000. In addition, Plaintiff claims lost past and future benefits, future loss of wages. These alleged damages easily meet the jurisdictional minimum.

---

[3] See *White v. FCI USA, Inc.*, 319 F.3d 672 at 675 (2003)—lengthy list of compensatory and punitive damages including loss of pay, fringe benefits, impaired earning capacity, harm to credit, emotional distress, combined with a claim for attorney fees sufficient to meet burden that it was more likely than not that amount in controversy would exceed jurisdictional minimum.

21.  Plaintiff has also alleged that she has suffered "humiliation, anguish, and emotional and physical distress," (*See* Complaint ¶ 28, p. 9:24-25; ¶ 35, p. 11:8-9; ¶ 41, p. 12:10-11; and ¶ 48, p. 13:13-14).  In addition, Plaintiff asserted that she "developed extreme anxiety" (Complaint ¶ 13, p. 5:26), was "hospitalized" (Complaint ¶ 21, p. 8:8) and "placed on antidepressants" (Complaint ¶ 21, p. 8:9).  Awards for emotional distress, particularly where the symptoms are alleged to be "extreme", medication was prescribed and that hospitalization resulted, may well exceed $75,000.  Therefore, again, on this basis alone, the amount of damages claimed by Plaintiff is more probable than not to exceed the jurisdictional minimum.

22.  Further, Plaintiff has asserted claims to punitive damages with respect to all of her claims for damages (Complaint ¶¶ 29, 36, 42 and 49).  Although Defendant denies that it could or should be liable for punitive damages, for purposes of assessing whether the amount in controversy element has been satisfied in order to invoke diversity jurisdiction, the Ninth Circuit Court of Appeals has specifically held that such damages claimed by Plaintiff are properly included in computing the jurisdictional amount.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  Punitive damages on any one of Plaintiff's claims could meet the jurisdictional requirement.  *See White v. FCI USA, Inc.*, 319 F.3d 672 at 675 (punitive damages alone was more likely than not to exceed the jurisdictional amount).

23.  Further, Plaintiff also seeks an award of her attorney's fees with respect to her claims, which should also be considered when calculating the amount in controversy.  *Goldberg v. C.P.C. Int'l, Inc.*, 678 F. 2d 1365, 1367 (9th Cir. 1982) (attorneys' fees included in considering jurisdictional amount).  Representation of Plaintiff through trial would almost certainly exceed the $75,000 threshold.

24.  Thus, the preponderance of the evidence demonstrates an amount in controversy clearly in excess of $75,000.

## VII. CONCLUSION

25. Defendant, having shown that diversity exists and that the amount in controversy exceeds the jurisdiction minimal, is entitled to remove this matter to this Court.

26. Pursuant to 28 U.S.C. § 1441(a), Defendant removes this case from the Superior Court of the State of California in and for the County of San Mateo to this Court.

Dated: July 11, 2008

_____
PAUL S. COWIE
MICHELLE R. BARRETT
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
BROOKDALE PROVIDENT
MANAGEMENT, LLC

Firmwide:85365341.1 051918.1024

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

AMENDED NOTICE TO FEDERAL
COURT OF REMOVAL                    6.                    CASE NO. C 08-02172 CW